Lance Darnell LALANDE, Appellant,

v.

The STATE of Texas, Appellee.

No. 655–83.

Court of Criminal Appeals of Texas,
En Banc.

July 11, 1984.

Bruce J. Ponder, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Nick O. Martinez, Jr., Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

Appellant was convicted of capital murder. Upon the jury's negative finding on special issue # 1, see Art. 37.071, V.A.C. C.P., Sec. (b)(1), the court assessed punishment at confinement for life. Art. 37.071, V.A.C.C.P., Sec. (e).

The conviction was affirmed by the court of appeals, *Lalande v. State,* 651 S.W.2d 402 (Tex.App. —El Paso 1983). We granted discretionary review to determine whether the court of appeals correctly held that the trial court did not err in overruling appellant's motion to suppress evidence found in a search of an airline flight bag claimed as his own property by appellant at the time of his arrest.

The first consideration in determining the propriety of the overruling of the motion to suppress the evidence as improperly obtained under the Constitution of the United States and Art. 38.23, V.A.C.C.P., is that the burden of showing the evidence admissible lay upon the State: the State has the burden of proving the legality of a warrantless arrest or search. *Hooper v. State,* 533 S.W.2d 762, 767 (Tex.Cr.App. 1976) (Opinion on Rehearing.)

In the instant case, appellant was confronted by police detectives in San Francisco, California, and frisked for weapons.[1] When a knife was found on him, appellant was arrested under a San Francisco city ordinance banning the concealment on the person of knives with blades over 2½″ in length. In a search of an airline bag claimed by appellant, evidence—including a pistol stolen from the premises where the victim was robbed and killed—was found

which was introduced at appellant's trial. It was the admissibility of this evidence that the instant motion to suppress addressed.

The crux of the issue is the sufficiency of the State's proof of the existence and terms of the San Francisco municipal ordinance that was the basis of the arrest. Such an ordinance must be proved—neither the trial court nor this Court may take judicial notice of it. *Green v. State,* 594 S.W.2d 72, 74 (Tex.Cr.App.1980).

The court of appeals stated that no proof of the instant ordinance was offered, and that therefore no probable cause was shown for the arrest. That court then went on to apply a test of "good faith", stressing the futility of attempting to curb unreasonable *police* behavior in California and the reasonableness of police behavior in the instant case, and to affirm the conviction.

While we empathize with the Court of Appeals in its desire not to cast aspersions upon what appears to have been unimpeachable police conduct, we cannot agree with a holding that, in essence, creates a "good faith" exception to the *prosecutor's* duty to meet the State's burden of proof upon an issue implicating the constitutional and statutory rights of the accused. But because we also disagree with that court's finding that no proof of the ordinance was adduced, we reach the same result.

The best procedure for proving the terms of the ordinance—supplying a properly certified copy of the ordinance for admission into evidence[2]—was not followed here. But both officers, identifying the ordinance by its municipal code section number, testified that the concealed carrying of a knife with a blade as long as the one in question is prohibited by it.

No objection was made to the testimony of the first officer:

Q. Were you aware of what Mr. Lalande was booked with? Were they

---

**1.** Appellant does not now contest the propriety of this *"Terry* stop." *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

**2.** See Art. 3731a, V.A.C.S.

booked at the same time and you were there?

A. He was booked for 1291(b).

Q. What is a 1291(b)?

A. Of the Muni police code which is loitering while carrying a concealed weapon.

Q. And what is a concealed weapon under that?

A. That covers anything from a knife with a blade three and a half inches longer to a dagger to a gun, billy club.

An objection was made to the testimony of the second officer which clearly apprised the court that appellant objected to the method of proof, but the testimony of that officer was substantially a reiteration of the earlier unobjected-to testimony:

Q. What is the requirement under California law, more specifically, under San Francisco Code law with respect to the length of a blade that makes a weapon prohibited?

MR. PONDER: your Honor, we're going to object to that question. It calls for a legal conclusion by the witness, and we would object to it. You can prove up foreign law or you can ask for judicial notice.

MR. WEISER: I'll ask the Court to take judicial notice that anything in excess of three inches, under California law, is a prohibited weapon.

MR. PONDER: I would point out to the Court that we have not received a copy of the law as required under the Rules of Criminal Procedure and we object to it.

THE COURT: I'm going to permit him to answer the question with regard to what was on the officer's mind. Go ahead and ask the question.

Q. (BY MR. WEISER) What is a prohibited weapon under California law that you're aware of with respect to a knife?

A. With respect to our Municipal Police Code, the section, two an a half inches on a blade concealed upon a person.

▮▮▮▮ The testimony of the officers was clearly hearsay. Until recently, hearsay was considered by this Court to be no evidence,[3] even where no objection had been interposed, but in *Frazier v. State*, 600 S.W.2d 271 (Tex.Cr.App.1980), this Court adopted upon rehearing the dissenting opinion of Judge Odom on original submission which, pointing out that only one other state stood with Texas on the probative value of unobjected-to hearsay, argued that, whatever the utility of the rule of no probative value in the case in chief, it should not be applied (and by the Court's holding on rehearing it is not applied) to probation revocation hearings.

Among the factors cited by Judge Odom to distinguish between the case-in-chief and the revocation hearing were that in the latter: no right to a jury obtains; the court's decision may be supported by uncorroborated accomplice testimony; and the State can meet its burden by a preponderance of the evidence, without eliminating reasonable doubt.

Similarly, no jury is present during a hearing on suppression of evidence, although a defendant may choose to re-litigate the issue before the jury, Art. 38.23, V.A.C.C.P.; *Hutchinson v. State*, 509 S.W.2d 598, 690 (fn. 1) (Tex.Cr.App.1974). Neither is the State required to prove the propriety of the search beyond a reasonable doubt,[4] in a hearing upon a motion to

---

**3.** Of course, hearsay evidence is accepted upon the question of probable cause to arrest or search, *Adams v. State*, 552 S.W.2d 812, 814, fn. 1 (Tex.Cr.App.1977), but the hearsay, whether supplied, as in *Adams*, in answer to an officer's telephonic inquiry about an ongoing investigation, or by an anonymous informer's tip, is generally directed to the corpus delicti rather than to the law which establishes the conduct disclosed to be a crime. We need not, and shall not, extend the legitimate use over objection of

hearsay evidence to prove up the underlying law which establishes that the conduct that an officer has probable cause to suspect would in fact constitute the commission of a crime.

**4.** Even where the State relies upon a claim of consent to search, its burden is to show the consent voluntary by clear and convincing evidence, not beyond a reasonable doubt. *Rumbaugh v. State*, 629 S.W.2d 747 (Tex.Cr.App. 1982).

suppress evidence.[5] Finally, it is not unusual for one participant in a crime to "finger" another, providing probable cause for an otherwise invalid seizure of the perpetrator and evidence of the crime. Thus, salient factors cited by this Court in permitting the use of *unobjected-to* hearsay as evidence in probation revocation proceedings obtain also in the context of a hearing upon a motion to suppress; we hold that, even where the testimony in question would not be admissible under objection, cf. note 3, ante, hearsay admitted without objection at a hearing on a motion to suppress evidence has been properly admitted, is evidence, and is to be considered in determining the sufficiency of the evidence of legality of the seizure.

Accepting the testimonial evidence of the San Francisco Municipal ordinance, we find that the instant arrest was neither unreasonable nor unlawful. The ground of error is overruled.

 Appellant also contends the seizure of appellant's bag and contents was unlawful in that, since appellant's *companion* was carrying the bag, it cannot be said to be so connected with appellant as to admit of a search incident to appellant's arrest.

We note that at no time did appellant offer, neither does he now contend the officers should have offered, to give his companion custody of the bag while appellant remained in police custody.

In his concurring opinion in *Stewart v. State*, 611 S.W.2d 434 (Tex.Cr.App.1981), Judge Clinton, anticipating the problem of drawing the line on what is "immediately associated" with an arrestee, suggested in similar circumstances that this Court adopt the rationale of *California v. Bullwinkle*, 105 Cal.App.3d 82, 164 Cal.Rptr. 163, 166–167 (Calif.Ct.App.1980), which authorized searches of items accompanying the detainee into confinement. Although *Stewart* and *Bullwinkle* dealt with *police-station* searches, where—as in the instant case—the detainee asserts an ownership interest in the item leaving no alternative to its accompanying him into custody, we hold, adopting the *Bullwinkle* rationale as set forth in *Stewart*, supra, that once it becomes unequivocally clear that the item is to accompany the detainee, the right of inspection accrues immediately, and is not limited to inspections carried out within the station itself.

The judgment of the Court of Appeals is affirmed.

ONION, P.J., and CLINTON, TEAGUE and MILLER, JJ., dissent.

---

**5.** If the issue is raised before the jury, as it was not in the instant case, the standard of proof to

the jury *is* beyond a reasonable doubt, Art. 38.-23, V.A.C.C.P.