Peter S. PETERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–86–00211–CR.

Court of Appeals of Texas,
San Antonio.

March 18, 1987.

Scott Stehling, Kerrville, for appellant.

Matthew W. Paul, Asst. Co. Atty., Kerrville, for appellee.

CHAPA, Justice.

This is an appeal from a conviction for the offense of possession of marijuana. Punishment was assessed at six months' confinement and a $500.00 fine. The fine and jail sentence were probated for six months.

In his only point of error, appellant claims the trial court erred in failing to grant his motion to suppress because the consent to the warrantless search was a product of coercion by law enforcement agents.

Appellant was arrested immediately after being caught in the act of selling marijuana to one Ralph Roseland. Appellant was placed in custody and transported to the county jail. After warning the appellant of his rights under *Miranda* and his right not to consent to a search of his residence, Deputy Russell Heirholzer advised appellant that if he refused consent to the search, efforts would be made to obtain a search warrant from proper authorities. During the conversation the appellant expressed concern for involvement of his wife in the transaction and her possible arrest. Heirholzer advised appellant of how searches were conducted in the county and what usually happened during searches. Appellant consented to the search in writing, and the officers went to the residence of the appellant to conduct the search. At appellant's residence the officers discovered three pots containing marijuana which were visible from the road.

While at the residence, appellant's wife was presented with the appellant's written consent to the search. She consented to the search in writing. Appellant's wife led

the officers to additional marijuana and pots which were also seized in the search. Appellant contends his discussion with Deputy Heirholzer was coercive and led to his involuntary consent to the search.

The State has the burden to prove the legality of a warrantless search. *Lalande v. State*, 676 S.W.2d 115 (Tex.Crim. App.1984); *Hooper v. State*, 533 S.W.2d 762 (Tex.Crim.App.1976) (opinion on rehearing). When the State relies upon a claim of consent to search, its burden is to prove the consent by clear and convincing evidence. However, when the issue is relitigated before the jury, the burden of proof on the State is beyond a reasonable doubt. TEX. CODE CRIM.PROC.ANN. art. 38.23; *Lalande*, 676 S.W.2d at 117. The question of whether a consent is voluntary is one of fact that may be decided initially by the court, in ruling on the admissibility of evidence obtained in the search, and ultimately by the jury. *Oliver v. State*, 414 S.W.2d 679 (Tex.Crim.App.1967); *Gilmore v. State*, 666 S.W.2d 136 (Tex.App.—Amarillo 1983, pet. ref'd). The trial judge is the sole fact finder at the hearing on a motion to suppress evidence, and may believe or disbelieve any or all witnesses' testimony. *Taylor v. State*, 604 S.W.2d 175 (Tex.Crim. App.1980). The trial court has broad discretion in determining the admissibility of the evidence and the appellate court will not reverse unless a clear abuse of discretion is shown. *Williams v. State*, 535 S.W.2d 637 (Tex.Crim.App.1976). Whether consent to search was voluntary is a question of fact to be determined from the totality of the circumstances. *Fancher v. State*, 659 S.W.2d 836 (Tex.Crim.App.1983).

The reliance of appellant on *Paprskar v. State*, 484 S.W.2d 731 (Tex.Crim.App.1972) is misplaced. In *Paprskar*, the evidence of coercion was substantial. Although the authorities obtained five arrest warrants with the aid of a prosecuting attorney present, no effort was made to obtain a search warrant. Upon executing the arrest warrants in the home of the accused, the accused refused to consent to the search. The officers then informed the wife, who was in the bathroom, the house was sur-rounded by officers and to come with her hands up. No *Miranda* warnings were ever given. She was physically abused, and threatened that a search warrant would be obtained if she refused which would result in the home being torn up. The resulting consent of the wife was found to be involuntary by the court.

The facts in the case before us are in no way similar to those of *Paprskar*. The home of the appellant was not surrounded by armed officers, and the *Miranda* warning was given. There was no evidence of physical abuse, and no evidence of threats that the house would be torn up. The appellant was advised several times he did not have to consent and it was up to the judge if a search warrant would be issued.

In the case at bar, the issue of voluntary consent survived a two-stage test. The trial judge initially found clear and convincing evidence of the voluntary consent, and the jury thereafter found voluntary consent beyond a reasonable doubt.

Considering the standards herein discussed and the totality of the circumstances, this Court finds no reason to disagree with the trial court and the jury. We find the trial court correctly denied the motion to suppress, and the point of error is overruled. The judgment of the trial court is affirmed.