**Glen Edward JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–92–01493–CR.**

Court of Appeals of Texas, Dallas.

Sept. 28, 1994.

Carl D. Hughes, Dallas, for appellant.

Michael J. Sandlin, Dallas, for appellee.

Before LAGARDE, BURNETT *, and MALONEY, JJ.

## OPINION

MALONEY, Justice.

The jury convicted Glen Edward Johnson of possession of cocaine with intent to deliver. The trial court found both enhancement paragraphs true and assessed a twenty-five year sentence and a $1000 fine. In two points of error, appellant asserts the trial court erred in (1) denying his motion to suppress and (2) allowing the State to impeach a witness in violation of evidentiary rule 609(f).[1] We affirm the trial court's judgment.

---

* Although Justice Burnett participated in the submission of this cause, he did not participate in its issuance.

1. See TEX.R.CRIM.EVID. 609(f). All references to "rule" or "rules" are to the rules of criminal evidence unless otherwise noted.

## FACTUAL BACKGROUND

Two Dallas Police Officers staked-out an area "heavily populated with drugs and drug trafficking." The officers were watching a vacant lot through binoculars.

The officers saw appellant take a tan canister from the passenger side of a car parked in the vacant lot. He removed a plastic bag of pink and white capsules from the canister. Appellant gave the plastic bag to an accomplice,[2] Milton Fuller, who approached a third party. The third party gave Fuller cash in exchange for some capsules. Fuller then returned the plastic bag and some of the money to appellant. Appellant put the plastic bag in the canister and the canister back in the car. Within a twenty minute period, the officers observed two or three of these transactions. During the surveillance, appellant was the only person to go into the car.

The officers arrested appellant and Fuller. They opened the car door and removed the tan canister. The canister was not locked. The canister contained $266 in currency, drug paraphernalia, and fifty-six capsules. The capsules contained cocaine.

## PROCEDURAL BACKGROUND

Appellant moved to suppress the canister and its contents. Appellant's pretrial motion to suppress alleged that "the matter seized was the result of an illegal detention, arrest, and search of [appellant], [which violated his] constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, Art. I, Section 9 of the Texas Constitution, and Art. 38.23 C.C.P."

After a pretrial hearing, the trial court denied his motion. Appellant urged suppression of the canister and its contents at trial. Before the trial court admitted the evidence, it asked appellant's counsel to restate his grounds for excluding the evidence. As trial objection number one, appellant objected to the admission of any evidence seized from appellant—photographs of any evidence,

---

2. The indictment indicates, and testimony infers, that Fuller was appellant's codefendant. The record contains no official documentation of Fuller's criminal status.

statements, appellant's actions, officer's testimony, and finding or testing "of any matter alleged to be cocaine"—because each was the result of an illegal arrest and/or seizure that violated the Fourth and Fourteenth Amendments to the United States Constitution; Article I, Section 9 of the Texas Constitution; and article 38.23 of the Texas Code of Criminal Procedure.

## SUPPRESSION OF EVIDENCE

In appellant's first point of error, he attacks only the trial court's denial of his motion to suppress. He does not challenge the jury's consideration of the evidence. Nor does he challenge whether the evidence was sufficient to support the conviction without the erroneously admitted evidence.

### 1. Applicable Law

#### a. Article 38.23(a)

■ When conflicting evidence exists on the manner in which the police obtained evidence, the trial court must instruct the jury under article 38.23. TEX.CODE CRIM.PROC. ANN. art. 38.23(a) (Vernon Supp.1994); *Foster v. State*, 767 S.W.2d 909, 912 (Tex.App.—Dallas 1989, pet. ref'd); *see Polk v. State*, 738 S.W.2d 274, 276 (Tex.Crim.App.1987). Article 38.23(a) provides:

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

TEX.CODE CRIM.PROC.ANN. art. 38.23(a) (Vernon Supp.1994). In the absence of conflicting evidence, the question of whether probable cause for a warrantless search existed is a question of law. *See Marrs v. State*, 647 S.W.2d 286, 289 (Tex.Crim.App.1983).

■ At a hearing on a motion to suppress the fruits of a warrantless search, the State must prove the search's legality by clear and convincing evidence. *Foster*, 767 S.W.2d at 911. However, when the trial court submits the issue of probable cause to the jury, the State must prove the arrest's or search's legality beyond a reasonable doubt.

TEX.CODE CRIM.PROC.ANN. art. 38.23(a); *Peterson v. State*, 727 S.W.2d 125, 126 (Tex. App.—San Antonio 1987, no pet.); *see Lalande v. State*, 676 S.W.2d 115, 118 n. 5 (Tex.Crim.App.1984). A jury submission on the arrest's or search's legality under article 38.23(a) "relitigate[s] the issue before the jury." *Lalande*, 676 S.W.2d at 117; *see Peterson*, 727 S.W.2d at 126.

### 2. Application of Law to Facts

■ Appellant requested the trial court submit a jury issue on whether the arresting officers had probable cause to search the car. The trial court submitted the following jury instruction:

You are instructed that under our law no evidence obtained by an officer as the result of an unlawful search of an accused's motor vehicle shall be admissible in evidence against such accused.

You are instructed that once a police officer acquires probable cause to believe and does believe that the vehicle contains narcotics possessed contrary to law, he may thereupon search the vehicle for narcotics.

By the term "probable cause", as used herein, is meant where the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, are sufficient unto themselves to warrant a man of reasonable caution to believe that an offense has been or is being committed.

Now, bearing in mind the foregoing instructions, if you find from the evidence that on the occasion in question, the officer did not have probable cause to search the defendant's vehicle for narcotics, or you have a reasonable doubt thereof, you will wholly disregard such evidence recovered in the search of the vehicle and not consider it as any evidence whatsoever.

This jury submission forced the State to assume a heavier burden of proof. The jury, by its verdict, impliedly found that the officers acquired probable cause to search. The jury's implied finding supplanted the trial court's denial of the motion to suppress. We review only the jury's decision because it was

the last determination of probable cause to search.

On appeal, appellant does not challenge the jury's consideration of the disputed evidence or the sufficiency of the evidence if the jury disregarded that evidence as the trial court instructed. Appellant's complaints about the trial court's rulings on his motion to suppress are immaterial. The jury's verdict subsumed the trial court's denial. Appellant presents nothing for review.

We overrule appellant's first point of error.

## IMPEACHMENT

In his second point of error, appellant asserts the trial court erred in allowing the State to impeach one of his witnesses. Appellant maintains that the State did not give him sufficient notice of its intent to use criminal convictions as required by rule 609(f). Appellant contends that the trial court's ruling forced him to limit his direct examination of Robert Lee Rose and not call Milton Fuller as a witness.

Appellant argues that "[a]s a result, the Court's ruling not only had a chilling effect upon the testimony elicited by Appellant, but it deprived him of a fair opportunity to evaluate the evidence against him and thus violated the letter and spirit of Rule 609(f) as intended by the Texas Legislature." Appellant does not argue that he was not given a fair opportunity to contest the State's use of the prior convictions.

### 1. Applicable Law

■ Texas evidentiary rules provide:

(f) Notice. Evidence of conviction is not admissible if after timely written request by the adverse party specifying the witness or witnesses, the proponent fails to give the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

TEX.R.CRIM.EVID. 609(f). This rule's purpose is to give an adverse party a fair opportunity to contest the use of a witness's convictions and to prevent ambush. *Cream v. State,* 768

S.W.2d 323, 326 (Tex.App.—Houston [14th Dist.] 1989, no pet.).

### 2. Application of Law to Facts

■ Appellant filed his rule 609(f) request on March 18, 1992, listing Rose and Fuller as potential witnesses. The State did not respond to appellant's request until the afternoon of May 26, 1992—the day appellant's trial began. However, Rose did not testify until May 28th. Appellant never called Fuller as a witness.

Before the trial court allowed the State to impeach appellant's witnesses with their convictions, it held a hearing on appellant's objections. The trial court specifically found that appellant was given a "fair opportunity to contest the use of such evidence." The State used Rose's criminal record to impeach him.

Appellant made no offer of proof about what Fuller's or Rose's testimony would have been. Nor does the record indicate what additional evidence appellant would have presented had the trial court not allowed the State to impeach appellant's witnesses with their convictions.

Appellant does not dispute that he was given a fair opportunity to contest the use of the prior convictions. The trial court did not violate Texas Rule of Criminal Evidence 609(f). We overrule appellant's second point of error.

We affirm the trial court's judgment.