Kevin Wayne Davy v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-020-CR

     KEVIN WAYNE DAVY,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the County Criminal Court No. 1
Dallas County, Texas
Trial Court # MB98-32671-A
                                                                                                                
                                                                                                         
CONCURRING OPINION
                                                                                                                

      The issue Davy wants us to address in this case is how we review the jury’s determination of
the admissibility of evidence when an Article 38.23 instruction to disregard illegally obtained
evidence has been given. Davy’s issue is worded as follows:
The jury erred when it found beyond a reasonable doubt under the totality of the
circumstances that the state had proved reasonable suspicion to detain appellant for a
traffic violation and failed to acquit him.

Davy contends that the standard of review of a suppression issue decided by a jury is an issue of
first impression. Davy relies on Johnson, a Dallas Court of Appeals decision, to raise the issue
as an error of the jury, rather than of the trial court, in the admission and consideration of
evidence. Johnson v. State, 885 S.W.2d 578, 581 (Tex. App.—Dallas 1994, no pet.). Davy
states that he “...does not attack the trial court’s ruling on the suppression issue because the jury’s
finding of reasonable suspicion [of a] traffic [offense] supplanted the trial court’s ruling. This
court reviews only the jury decision because it was the last determination of reasonable suspicion. 
[citing Johnson]” Appellant’s Brief at page 30.
      Four months after Davy filed his brief, the Court of Criminal Appeals flatly stated the holding
in Johnson cannot be a correct general rule. Pierce v. State, 32 S.W.3d 247, 251 (Tex. Crim.
App. 2000). The Court stated: “To hold that a jury’s verdict returned under the statute’s second
sentence supplants the trial court’s ruling made under the statute’s first sentence would render
unreviewable the court’s decisions on questions of law. For this reason alone, the holding in
Johnson cannot be a correct, general rule.” Id. The Court went on: “The narrower holding of
Johnson, that the jury’s implied finding of fact supplants the trial court’s finding of fact, is one
we do not accept. The reasons have been developed in cases that deal with a related issue of
evidence: confessions.” Id.
      The Court held:
When a trial court has denied a motion to suppress evidence, the verdict of guilty from
a jury that was charged to disregard illegally obtained evidence does not prevent the
defendant from appealing the court’s ruling. This was the procedure followed in another
case that the court of appeals cited to support the opposite holding. It should be followed
in this case.

Id. at 253. Thus, the proper issue is not about what the jury did. The jury cannot err. The jury’s
answer may not be supported by sufficient evidence, but it is the trial court that errs when it
admits evidence obtained in violation of law. Davy must attack the trial court’s determination of
the admissibility of the evidence, not the jury’s implied finding. See Peterson v. State, 727
S.W.2d 125, 126 (Tex. App.—San Antonio, no pet.). The procedure used in Peterson of
reviewing the trial court’s ruling on the motion to suppress, rather than reviewing the jury
decision, was cited with approval in Pierce. Pierce, 32 S.W.3d at 253, fn 15.
      Davy specifically states that he is not attacking the trial court’s evidentiary ruling refusing to
suppress the evidence. Because Davy complains only about the implied finding of the jury, issue
one presents nothing for our review.
      Accordingly, I concur in the result, but not the rationale of either the lead or concurring
opinions on the resolution of issue one. I join the remainder of the lead opinion.


                                                                         TOM GRAY
                                                                         Justice

Concurring opinion delivered and filed December 28, 2001
Publish