IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00063-CR

 

Gontrai Henderson,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2006-891-C2

 



MEMORANDUM  Opinion



 








            A jury convicted Gontrai Henderson of
possessing less than one gram of methamphetamine, and the court sentenced him
to two years in a state jail and a $2,500 fine, suspended imposition of
sentence, and placed him on community supervision for five years.  Henderson
contends in four issues that: (1) the court erred by denying his pretrial
motion to suppress evidence seized during a search of his backpack; (2) the
court erred by failing to instruct the jury that the State had to prove by
clear and convincing evidence that he had voluntarily consented to the search;
(3) the court erred by failing to sua sponte instruct the jury on the
State’s burden of proof for extraneous offenses in the guilt-innocence charge;
and (4) he received ineffective assistance of counsel during the guilt-innocence
phase.  We will affirm.

Background

            On the occasion in question, Henderson was visiting his girlfriend who lived in a Baylor University dormitory.  They
were sitting in the lobby.  The dorm director called Baylor police to come talk
to Henderson and remove him from the dorm because she “just wasn’t comfortable
with him.”  Officers Raymond Lantz and Lory VonStaden responded, and, after
talking briefly with the dorm director, they asked Henderson to step outside,
which he did.

            The officers asked him for his name
and date of birth and whether he had any identification.  He identified himself
but said that he did not have any identification with him.  Officer Lantz asked
for permission to search Henderson’s backpack.  According to the officers, Henderson consented.  However, Henderson testified that he did not consent.  Lantz
searched the backpack and found what he suspected to be a marihuana pipe.  The
officers then arrested Henderson for possession of drug paraphernalia and
transported him to the county jail.

            At the jail, Henderson was searched in
accordance with the standard booking procedures.  A baggie of methamphetamine
fell to the ground when he took off his left shoe.

 

 

Backpack Search

            Henderson contends in his first issue
that the court erred by denying his pretrial motion to suppress which
challenged the validity of Lantz’s search of his backpack.  Specifically,
Henderson argues that he did not consent to the search and Lantz’s observation
of the marihuana pipe does not satisfy the plain view/plain smell exception to
the warrant requirement because Lantz had to reposition the pipe and smell it
before he could determine that it had been used to smoke marihuana.

            At a suppression hearing, the trial
court is the sole judge of the credibility of witnesses and the weight to be
given their testimony.  Garza v. State, 213 S.W.3d 338, 346 (Tex. Crim. App. 2007).  Thus, the court may choose to believe or disbelieve any or all of a
witness’s testimony.  Id.  “This Court is not at liberty to disturb any
fact finding that is supported by the record.”  Id.  We view the
evidence in the light most favorable to the court’s ruling.  State v. Kelly,
204 S.W.3d 808, 818 (Tex. Crim. App. 2006).  When as here the court makes
explicit findings of fact, we must determine whether the evidence supports those
findings.  Id.  We then review the court’s legal ruling de novo unless
the court’s findings (which are supported by the evidence) are also dispositive
of the legal ruling.  Id.

            Generally, we consider only the
evidence introduced at the pretrial suppression hearing.  Rachal v. State,
917 S.W.2d 799, 809 (Tex. Crim. App. 1996); Kearney v. State, 181 S.W.3d
438, 446 (Tex. App.—Waco 2005, pet. ref’d); Herrera v. State, 80 S.W.3d 283,
290 (Tex. App.—Texarkana 2002, pet. ref’d) (op. on reh’g).  However, when the
suppression issue is consensually relitigated at trial, we may also consider
relevant trial evidence in our review.  Rachal, 917 S.W.2d at 809; Kearney, 181 S.W.3d at 446; Herrera v. State, 80 S.W.3d at 291.

            Under the “plain view” exception to
the warrant requirement, an officer may lawfully seize evidence without a
warrant if: (1) the officer observes evidence in plain view from a location
where he has a right to be; and (2) the incriminating nature of the evidence is
“immediately apparent.”  See Horton v. California, 496 U.S. 128, 136-37, 110 S. Ct. 2301, 2308, 110 L. Ed. 2d 112 (1990) (citing Arizona v. Hicks,
480 U.S. 321, 326-27, 107 S. Ct. 1149, 1153, 94 L. Ed. 2d 347 (1987); Coolidge
v. New Hampshire, 403 U.S. 443, 466, 91 S. Ct. 2022, 2038, 29 L. Ed. 2d 564
(1971) (plurality op.)); Martinez v. State, 17 S.W.3d 677, 685 (Tex. Crim. App. 2000).  The second element requires a showing that the officer had
“probable cause to associate the item with criminal activity.”  Martinez , 17 S.W.3d at 685; accord Hicks, 480 U.S. at 326-27, 107 S. Ct. at 1153-54; Lopez v. State, 223 S.W.3d 408, 416-17 (Tex. App.—Amarillo 2006,
no pet.); Arrick v. State, 107 S.W.3d 710, 719 (Tex. App.—Austin 2003,
pet. ref’d).

            Though the “immediately apparent”
element requires a showing of probable cause, it “does not require actual
knowledge of incriminating evidence.”  Joseph v. State, 807 S.W.2d 303,
308 (Tex. Crim. App. 1991); Arrick, 107 S.W.3d at 719.  But “immediately
apparent” does mean that an officer cannot manipulate, move, or inspect an
object to determine whether it is associated with criminal activity.  See
Hicks, 480 U.S. at 324-28, 107 S. Ct. at 1152-54.  Otherwise, the object’s
association with criminal activity could not be said to be immediately
apparent.

            Here, the officers testified that Henderson consented to a search of his backpack.  Henderson testified to the contrary. 
The court stated in Findings of Fact Nos. 19 and 20 that it found the officers
to be credible and accepted their testimony as true, and it was within the
court’s discretion to believe the officers’ testimony over Henderson’s.  See
Garza, 213 S.W.3d at 346.  Thus, the first element for the plain view
exception is satisfied because Officer Lantz viewed the contents of Henderson’s backpack from a “location” where he had a right to be.  See Lopez, 223
S.W.3d at 417.

            At the pretrial suppression hearing,
Lantz testified that his purpose for searching the backpack was to find some
form of identification for Henderson, but he did not find any.  Instead, he
“found a black and brown pipe shaft in the bag.  And the end of the pipe shaft
had been burnt.  And when you smelled it, you could smell what I believed was
burnt marijuana on the end of it.”  He added that “it looked just like the
wooden shaft off your regular smoking pipe without the bowl on the end of it,”
and “in [his] experience,” such a pipe shaft “would be used as drug
paraphernalia.”

            Lantz’s trial testimony did not vary
appreciably from the suppression hearing on the discovery of the pipe shaft in
the backpack.  On neither occasion did he provide a step-by-step explanation of
whether he moved the pipe shaft before noticing that it was burnt on one end or
before smelling the odor of burnt marihuana.  Nor did the court make any
detailed findings regarding the timing of the various components of the
search.  Findings of Fact Nos. 9, 10, and 11 address the search:

9.         That Officer Lantz found a black and
brown pipe shaft in the defendant’s backpack.

 

10.       That the pipe was burnt on one end and
Officer Lantz smelled what he believed, in his experience and training, to be
the odor of marihuana.

 

11.       That based upon the education, training
and experience of Officer Lantz he recognized the pipe as drug paraphernalia.

 

The court concluded without elaboration that the
search of the backpack “was reasonable.”

            When viewed in the light most
favorable to the ruling, these findings are supported by Officer Lantz’s
testimony.  See Kelly, 204 S.W.3d at 818.  Nevertheless, the court made
no findings regarding whether Lantz moved or manipulated the pipe shaft in any
fashion to determine whether it was associated with criminal activity.  When a
trial court does not make explicit findings, we “must defer not only to all
implicit factual findings that the record will support in favor of a trial
court’s ruling, ‘but also to the drawing of reasonable inferences from the
facts.’”  Amador v. State, 221 S.W.3d 666, 674-75 (Tex. Crim. App. 2007)
(quoting Kelly v. State, 163 S.W.3d 722, 726 (Tex. Crim. App. 2005)).

            Here, Officer Lantz’s testimony
supports the reasonable inference that he saw the burnt end of the pipe shaft
and recognized it to be a marihuana pipe before he moved it, regardless of
whether he smelled the odor of marihuana at that juncture in the search.  Thus,
Lantz’s testimony was sufficient to establish that he had probable cause to
believe that the pipe shaft constituted drug paraphernalia.  Cf. Waugh v.
State, 51 S.W.3d 714, 716-17 (Tex. App.—Eastland 2001, no pet.) (officer
who observed bong in plain view in house had probable cause to believe
occupants were in possession of drug paraphernalia).

            Accordingly, we overrule Henderson’s first issue.

Consent Instruction

            Henderson contends in his second issue
that the court erred by failing to instruct the jury that the State had to
prove by clear and convincing evidence that he had voluntarily consented to the
search of his backpack.

            As Henderson readily acknowledges, he
did not raise this objection at trial, and thus he must establish that: (1) the
charge is erroneous as alleged; and (2) this error caused him to suffer
egregious harm.  Ex parte Smith, 185 S.W.3d 455, 464 (Tex. Crim. App. 2006);
Witt v. State, 237 S.W.3d 394, 398 (Tex. App.—Waco 2007, pet. ref’d).

            Henderson is correct that in a
suppression hearing before the trial court the State is required to prove the
voluntariness of a defendant’s consent by clear and convincing evidence.  See
Johnson v. State, 226 S.W.3d 439, 443 (Tex. Crim. App. 2007).  However, if
a defendant chooses to relitigate the issue before a jury under article 38.23
of the Code of Criminal Procedure, “the standard of proof to the jury is beyond
a reasonable doubt.”  Lalande v. State, 676 S.W.2d 115, 118 n.5 (Tex.
Crim. App. 1984) (citing Tex. Code Crim.
Proc. Ann. art. 38.23);[1] accord
Coleman v. State, 45 S.W.3d 175, 181 (Tex. App.—Houston [1st Dist.] 2001,
pet. ref’d), overruled on other grounds by Johnson v. State, 95 S.W.3d 568,
573 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d);[2]
Johnson v. State, 885 S.W.2d 578, 580 (Tex. App.—Dallas 1994, no pet.); Peterson
v. State, 727 S.W.2d 125, 126 (Tex. App.—San Antonio 1987, no pet.).

            Therefore, because Henderson chose to relitigate
the voluntariness of his consent before the jury, the trial court was not required
to charge the jury on the clear-and-convincing standard because this burden of
proof applies only in a suppression hearing.  Accordingly, we overrule Henderson’s second issue.

Extraneous Offense Instruction

            Henderson contends in his third issue
that the court erred by failing to sua sponte instruct the jury on the
State’s burden of proof for extraneous offenses in the guilt-innocence charge. 
 Henderson’s third issue is based on this Court’s decision in Rodgers v.
State, 180 S.W.3d 716, 724 (Tex. App.—Waco 2005, no pet.), in which it was
held that a trial court has a duty to sua sponte submit such an
instruction.  However, our decision in Rodgers has since been expressly
disavowed by the Court of Criminal Appeals.  See Delgado v. State, 235
S.W.3d 244, 252-53 & n.35 (Tex. Crim. App. 2007).  Therefore, we overrule Henderson’s third issue.

 

Ineffective Assistance

            Henderson contends in his fourth issue
that he received ineffective assistance of counsel during the guilt-innocence
phase.

            We begin with a “strong presumption”
that counsel provided reasonably professional assistance, and Henderson bears
the burden of overcoming this presumption.  See Andrews v. State, 159
S.W.3d 98, 101 (Tex. Crim. App. 2005).  Generally, the appellate record is
insufficient to satisfy this burden.  Scheanette v. State, 144 S.W.3d
503, 510 (Tex. Crim. App. 2004).  If nothing in the record reveals the reason
for the act or omission which is the basis of an ineffective assistance
complaint, we may not speculate on that reason.  See Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994); Jones v. State, 170 S.W.3d
772, 775 (Tex. App.—Waco 2005, pet. ref’d); Hajjar v. State, 176 S.W.3d
554, 567 (Tex. App.—Houston [1st Dist.] 2004, pet. ref’d).

            Henderson did not raise the issue of
ineffective assistance in a motion for new trial.  Without a record elucidating
the reasons for trial counsel’s allegedly ineffective acts and omissions, Henderson has failed to overcome the “strong presumption” that counsel provided reasonably
professional assistance.  See Andrews, 159 S.W.3d at 101; Jones,
170 S.W.3d at 776-77; Hajjar, 176 S.W.3d at 567.  Accordingly, we
overrule Henderson’s fourth issue.




We affirm the judgment.

 

FELIPE REYNA

Justice



Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurs in only the judgment which affirms the trial court’s
judgment.  A separate opinion will not be issued.)

Affirmed

Opinion delivered and
filed March 26, 2008

Do not publish

[CR25]









[1]
              Article 38.23(a) provides in
pertinent part:

 

                In any case where the legal
evidence raises an issue hereunder, the jury shall be instructed that if it
believes, or has a reasonable doubt, that the evidence was obtained in
violation of the provisions of this Article, then and in such event, the jury
shall disregard any such evidence so obtained.

 

Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon 2005).

 





[2]
              The First Court of Appeals
overruled that part of Coleman in which it had held that an intermediate
court of appeals may conduct a factual sufficiency review of an implied jury
finding under article 38.23.  See Johnson v. State, 95 S.W.3d 568, 573
(Tex. App.—Houston [1st Dist.] 2002, pet. ref’d) (overruling Coleman v.
State, 45 S.W.3d 175, 178-80 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d)). 
The Court of Criminal Appeals later confirmed that such “implied findings” are
not subject to appellate review.  Hanks v. State, 137 S.W.3d 668, 672 (Tex. Crim. App. 2004).