**Opinion filed July 16, 2009**



## In The

# Eleventh Court of Appeals

———————

### No. 11-08-00092-CR

———————

## GARY SHAWN DIXON, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 50th District Court**
**Baylor County, Texas**
**Trial Court Cause No. 5297**

### M E M O R A N D U M   O P I N I O N

The jury convicted Gary Shawn Dixon of possession of cocaine in the amount of four grams or more but less than two hundred grams. Appellant pleaded true to an enhancement allegation, and the jury assessed punishment at ninety years confinement.[1] We affirm.

*Introduction*

Appellant does not challenge the sufficiency of the evidence to support his conviction. He challenges the legality of the warrantless search that led to the seizure of the cocaine. Appellant

---

[1]This cause was tried with Cause No. 5292 in the trial court. In Cause No. 5292, the jury convicted appellant of possession of cocaine in the amount of one gram or more but less than four grams. Appellant pleaded true to an enhancement allegation in that cause, and the jury assessed his punishment at twenty years confinement. Appellant has filed a separate appeal – Cause No. 11-08-00091-CR – from his conviction in that cause, and the conviction is affirmed this same day in a separate opinion. The trial court ordered that the sentence in this cause run concurrently with the sentence in Cause No. 5292.

contends that Seymour Police Officer John H. Wilkerson Jr. discovered the cocaine as a result of trespassing onto his property. Appellant argues that, because of the trespass, the search was illegal. The State contends that appellant gave consent to Officer Wilkerson to enter his backyard and that, therefore, the discovery of the cocaine did not result from an illegal search. Appellant raised the consent issue in a motion to suppress and at the hearing on his motion to suppress. The trial court denied appellant's motion. The consent issue was hotly contested at trial, and the trial court instructed the jury on the issue pursuant to Article 38.23(a) of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon 2005). Appellant also raised the consent issue in a motion for new trial and motion in arrest of judgment, which the trial court also denied.

*Issues on Appeal*

Appellant presents three points of error for review. In his first point, he asserts that the trial court erred in overruling his motion to suppress because the State failed to prove consent by clear and convincing evidence. In his second point, he asserts that the trial court misstated the State's burden of proof on the consent issue in its instructions to the jury and that, therefore, the trial court erred in overruling his objections to the instructions. In his third point, he contends that the trial court erred in overruling his motion for new trial and motion in arrest of judgment.

*Denial of Appellant's Motion to Suppress*

A trial court's denial of a motion to suppress is reviewed for an abuse of discretion. *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002). At a hearing on a motion to suppress, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Garza v. State*, 213 S.W.3d 338, 346 (Tex. Crim. App. 2007). The trial court may choose to believe or disbelieve any or all of a witness's testimony. *Id.*; *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). In reviewing a trial court's ruling on a motion to suppress, an appellate court must view the evidence in the light most favorable to the ruling. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). We must give great deference to the trial court's findings of historical facts as long as the record supports the findings. *Torres v. State*, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). When, as here, a trial court makes explicit fact findings, the appellate court determines whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those fact findings.

*Kelly*, 204 S.W.3d at 818. We also give deference to the trial court's rulings on mixed questions of law and fact when those rulings turn on an evaluation of credibility and demeanor. *Guzman*, 955 S.W.2d at 89. Where such rulings do not turn on an evaluation of credibility and demeanor, we review the trial court's actions de novo. *Id.*; *Davila v. State*, 4 S.W.3d 844, 847-48 (Tex. App.—Eastland 1999, no pet.).

In determining whether a trial court's decision on a motion to suppress is supported by the record, we generally only consider evidence adduced at the suppression hearing because the trial court's ruling was based on it rather than evidence presented later at trial. *Rachal v. State*, 917 S.W.2d 799, 809 (Tex. Crim. App. 1996). However, where, as in this cause, the suppression issue has been consensually re-litigated by the parties during the trial on the merits, we may also consider relevant trial evidence in our review. *Id.* Therefore, in reviewing the trial court's ruling on appellant's motion to suppress, we will consider the evidence adduced at the suppression hearing and relevant trial evidence.

Officer Wilkerson and appellant testified at the suppression hearing. Officer Wilkerson and Charles Lynch provided testimony at trial that was relevant to a determination of the consent issue. The record shows that, on June 14, 2006, at about 4:05 a.m., appellant placed a 911 call. Appellant reported that John Mitchell had attempted to run over Lynch with a vehicle in appellant's yard. Appellant lived at 401 East Reiman Street in Seymour. Officer Wilkerson was dispatched to the call. When Officer Wilkerson arrived at appellant's house, appellant and Lynch were on the front porch. Appellant and Lynch had been drinking beer all night and were intoxicated. Appellant told Officer Wilkerson that, about fifteen or twenty minutes earlier, Mitchell had driven a vehicle into the yard and had attempted to strike Lynch with it. Officer Wilkerson did not find any physical evidence at the scene, such as tire tracks, to support appellant's claim as to what had occurred. Officer Wilkerson then went to talk with Mitchell, who lived a block or two away from appellant's house. Officer Wilkerson testified that Mitchell's story conflicted with appellant's story. Based on his investigation, Officer Mitchell determined that he did not have probable cause to arrest Mitchell.

Officer Wilkerson returned to appellant's house and informed appellant that he did not have sufficient evidence or probable cause to arrest Mitchell and that, therefore, he was not going to arrest Mitchell. Officer Wilkerson testified that appellant believed Mitchell would come back to his house

3

and cause more problems. According to Officer Wilkerson's testimony, he advised appellant that he could hide in appellant's backyard, if appellant wanted him to do so, and wait to see whether Mitchell returned and did something else. Officer Wilkerson explained to appellant that, if he were to see Mitchell commit an offense, he could then arrest Mitchell. Officer Wilkerson testified that appellant responded, "That's cool." Officer Wilkerson said that appellant gave him consent to be in his backyard and that Lynch heard appellant give him consent.

Officer Wilkerson moved his patrol car out of sight and then hid in appellant's backyard. Officer Wilkerson testified that appellant saw him "going around the back." Appellant's house was on a corner lot, and Officer Wilkerson positioned himself in the backyard in a location where he could see activity on East Reiman Street and the street going by the side of appellant's house. Officer Wilkerson testified that he was about twenty-five or thirty feet away from the back of appellant's house. After Officer Wilkerson had been in the backyard for about fifteen minutes, appellant came out of the back door of the house. Appellant walked to a barbecue pit that was in the backyard, opened the lid of the barbecue pit, and took something out of the pit. Officer Wilkerson shined his flashlight on appellant and observed a small bag containing what he believed to be crack cocaine in appellant's hand. Officer Wilkerson asked appellant to come to him but appellant ran back into the house. Officer Wilkerson chased appellant through the house, and they both exited the house through the front door. Appellant jumped off the front porch and sustained an ankle injury when he landed. Appellant was lying stomach-down, with his hands underneath him, just in front of the porch. Ultimately, appellant removed his hands from underneath him, and Officer Wilkerson placed him in handcuffs. Officer Wilkerson rolled appellant over onto his side to see if appellant had any weapons. At that time, Officer Wilkerson discovered the bag that appellant had retrieved from the barbecue pit. Appellant had been lying on the bag before Officer Wilkerson rolled him over. Testing of the substance in the bag revealed that it weighed 4.43 grams and contained cocaine.

At the suppression hearing, appellant testified that he made the 911 call and reported that Mitchell had almost run over Lynch in his yard. Appellant said that Officer Wilkerson came to his house and spoke with Lynch and him. Appellant also said that Officer Wilkerson later returned to his house, told him that he had spoken with Mitchell, and told him that he could not arrest Mitchell. According to appellant, Officer Wilkerson said that "he was going to keep a close eye on both of us."

4

Appellant testified that Officer Wilkerson did not ask for permission to hide in his backyard and that he did not give permission to Officer Wilkerson to be in his backyard.

At trial, Lynch testified that Officer Wilkerson did not ask appellant for permission to go into the backyard and stake out the premises. Lynch said that nothing was said about the backyard but that Officer Wilkerson said that he was going to keep a close watch to see if Mitchell came back to appellant's house.

At the suppression hearing, the State had the burden to prove voluntary consent by clear and convincing evidence. *Johnson v. State*, 226 S.W.3d 439, 443 (Tex. Crim. App. 2007). The trial court found that Officer Wilkerson obtained voluntary and intelligent consent from appellant to remain on his property to watch for Mitchell. Officer Wilkerson's testimony supports a finding that appellant gave him consent to be in the backyard for the purpose of watching for Mitchell. Appellant's and Lynch's testimony conflicted with Officer Wilkerson's testimony. As the sole judge of the credibility of the witnesses, the trial court was free to believe Officer Wilkerson's testimony and to disbelieve appellant's and Lynch's testimony. *Garza*, 213 S.W.3d at 346; *Ross*, 32 S.W.3d at 855. Viewing the evidence in the light most favorable to the trial court's ruling, we hold that the State met its burden of proving by clear and convincing evidence that appellant voluntarily consented to Officer Wilkerson entering and remaining in his backyard. Therefore, the trial court did not abuse its discretion in denying appellant's motion to suppress. We overrule appellant's first point of error.

*Jury Instruction on Consent Issue*

The trial court instructed the jury that, before it could consider Officer Wilkerson's testimony concerning the arrest of appellant and the seizure of the cocaine incident to the arrest, it "must first find beyond a reasonable doubt that [Officer] Wilkerson had consent or believed he had consent to remain on the premises of [appellant], and if [it did] not so find beyond a reasonable doubt, [it] must disregard such testimony and evidence." The trial court gave this instruction under Article 38.23(a) of the Code of Criminal Procedure, which is the Texas exclusionary rule. In his second point of error, appellant contends that the trial court's instruction improperly stated that the State's burden of proof on the consent issue was "beyond a reasonable doubt." Appellant argues that the State had the burden to prove consent by "clear and convincing evidence" and that the trial court should have instructed the jury accordingly.

5

As stated above, at a suppression hearing, the State must prove consent by clear and convincing evidence. *Johnson*, 226 S.W.3d at 443. However, if the consent issue is tried and submitted to the jury, the State has the burden to prove consent beyond a reasonable doubt. *Lalande v. State*, 676 S.W.2d 115, 118 n.5 (Tex. Crim. App. 1984); *Johnson v. State*, 885 S.W.2d 578, 580 (Tex. App.—Dallas 1994, no pet.). Therefore, in this cause, the trial court's instructions to the jury on the consent issue included the proper burden of proof. We overrule appellant's second point of error.

*Denial of Appellant's Motion for New Trial*

Appellant contends in his third point of error that the trial court erred in overruling his motion for new trial and motion in arrest of judgment. In these motions, appellant asserted that the State failed to prove consent by clear and convincing evidence. We have held that, at the suppression hearing, the State met its burden of proving by clear and convincing evidence that appellant voluntarily consented to Officer Wilkerson entering and remaining in his backyard. Therefore, the trial court did not err in denying appellant's motion for new trial and motion in arrest of judgment. We overrule appellant's third point of error.

*This Court's Ruling*

We affirm the judgment of the trial court.

TERRY McCALL

JUSTICE

July 16, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.