Opinion filed July 16, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed July 16,
2009

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-08-00092-CR

                                                    __________

 

                                   GARY
SHAWN DIXON, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 50th District Court

                                              Baylor
County, Texas

                                         Trial
Court Cause No. 5297

 



 

                                             M
E M O R A N D U M   O P I N I O N

The
jury convicted Gary Shawn Dixon of possession of cocaine in the amount of four
grams or more but less than two hundred grams.  Appellant pleaded true to an
enhancement allegation, and the jury assessed punishment at ninety years
confinement.[1]  We affirm.

                                                                    Introduction








Appellant
does not challenge the sufficiency of the evidence to support his conviction. 
He challenges the legality of the warrantless search that led to the seizure of
the cocaine.  Appellant contends that Seymour Police Officer John H. Wilkerson
Jr. discovered the cocaine as a result of trespassing onto his property.  Appellant
argues that, because of the trespass, the search was illegal. The State
contends that appellant gave consent to Officer Wilkerson to enter his backyard
and that, therefore, the discovery of the cocaine did not result from an
illegal search.  Appellant raised the consent issue in a motion to suppress and
at the hearing on his motion to suppress.  The trial court denied appellant=s motion.  The consent
issue was hotly contested at trial, and the trial court instructed the jury on
the issue pursuant to Article 38.23(a) of the Code of Criminal Procedure.  See
Tex. Code Crim. Proc. Ann. art.
38.23(a) (Vernon 2005).  Appellant also raised the consent issue in a motion
for new trial and motion in arrest of judgment, which the trial court also
denied.

                                                                 Issues
on Appeal

Appellant
presents three points of error for review.  In his first point, he asserts that
the trial court erred in overruling his motion to suppress because the State
failed to prove consent by clear and convincing evidence.  In his second point,
he asserts that the trial court misstated the State=s burden of proof on the consent issue in its
instructions to the jury and that, therefore, the trial court erred in overruling
his objections to the instructions.  In his third point, he contends that the
trial court erred in overruling his motion for new trial and motion in arrest
of judgment.

                                             Denial
of Appellant=s
Motion to Suppress  








A
trial court=s denial
of a motion to suppress is reviewed for an abuse of discretion.  Balentine
v. State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002).  At a hearing on a
motion to suppress, the trial court is the sole judge of the credibility of the
witnesses and the weight to be given their testimony.  Garza v. State,
213 S.W.3d 338, 346 (Tex. Crim. App. 2007).  The trial court may choose to
believe or disbelieve any or all of a witness=s
testimony.  Id.; State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim.
App. 2000).  In reviewing a trial court=s
ruling on a motion to suppress, an appellate court must view the evidence in
the light most favorable to the ruling.  State v. Kelly, 204 S.W.3d 808,
818 (Tex. Crim. App. 2006).  We must give great deference to the trial court=s findings of historical
facts as long as the record supports the findings.  Torres v. State, 182
S.W.3d 899, 902 (Tex. Crim. App. 2005); Guzman v. State, 955 S.W.2d 85,
89 (Tex. Crim. App. 1997).  When, as here, a trial court makes explicit fact
findings, the appellate court determines whether the evidence, when viewed in
the light most favorable to the trial court=s
ruling, supports those fact findings.  Kelly, 204 S.W.3d at 818.  We
also give deference to the trial court=s
rulings on mixed questions of law and fact when those rulings turn on an
evaluation of credibility and demeanor.  Guzman, 955 S.W.2d at 89. 
Where such rulings do not turn on an evaluation of credibility and demeanor, we
review the trial court=s
actions de novo.  Id.; Davila v. State, 4 S.W.3d 844, 847-48
(Tex. App.CEastland
1999, no pet.).

In
determining whether a trial court=s
decision on a motion to suppress is supported by the record, we generally only
consider evidence adduced at the suppression hearing because the trial court=s ruling was based on it
rather than evidence presented later at trial.  Rachal v. State, 917
S.W.2d 799, 809 (Tex. Crim. App. 1996).  However, where, as in this cause, the
suppression issue has been consensually re-litigated by the parties during the
trial on the merits, we may also consider relevant trial evidence in our
review.  Id.  Therefore, in reviewing the trial court=s ruling on appellant=s motion to suppress, we
will consider the evidence adduced at the suppression hearing and relevant
trial evidence.

Officer
Wilkerson and appellant testified at the suppression hearing.  Officer
Wilkerson and Charles Lynch provided testimony at trial that was relevant to a
determination of the consent issue. The record shows that, on June 14, 2006, at
about 4:05 a.m., appellant placed a 911 call.  Appellant reported that John
Mitchell had attempted to run over Lynch with a vehicle in appellant=s yard. Appellant lived at
401 East Reiman Street in Seymour.  Officer Wilkerson was dispatched to the
call.  When Officer Wilkerson arrived at appellant=s house, appellant and Lynch were on the front
porch.  Appellant and Lynch had been drinking beer all night and were
intoxicated.  Appellant told Officer Wilkerson that, about fifteen or
twenty minutes earlier, Mitchell had driven a vehicle into the yard and had
attempted to strike Lynch with it.  Officer Wilkerson did not find any physical
evidence at the scene, such as tire tracks, to support appellant=s claim as to what had
occurred.  Officer Wilkerson then went to talk with Mitchell, who lived a block
or two away from appellant=s
house. Officer Wilkerson testified that Mitchell=s
story conflicted with appellant=s
story.  Based on his investigation, Officer Mitchell determined that he did not
have probable cause to arrest Mitchell.








Officer
Wilkerson returned to appellant=s
house and informed appellant that he did not have sufficient evidence or
probable cause to arrest Mitchell and that, therefore, he was not going to
arrest Mitchell.  Officer Wilkerson testified that appellant believed Mitchell
would come back to his house and cause more problems.  According to Officer 
Wilkerson=s testimony,
he advised appellant that he could hide in appellant=s backyard, if appellant wanted him to do so,
and wait to see whether Mitchell returned and did something else.  Officer
Wilkerson explained to appellant that, if he were to see Mitchell commit an
offense, he could then arrest Mitchell.  Officer Wilkerson testified that
appellant responded, AThat=s cool.@  Officer Wilkerson said
that appellant gave him consent to be in his backyard and that Lynch heard
appellant give him consent.








Officer
Wilkerson moved his patrol car out of sight and then hid in appellant=s backyard. Officer
Wilkerson testified that appellant saw him Agoing
around the back.@ 
Appellant=s house was
on a corner lot, and Officer Wilkerson positioned himself in the backyard in a
location where he could see activity on East Reiman Street and the street going
by the side of appellant=s
house.  Officer Wilkerson testified that he was about twenty-five or thirty
feet away from the back of appellant=s
house.  After Officer Wilkerson had been in the backyard for about fifteen
minutes, appellant came out of the back door of the house.  Appellant walked to
a barbecue pit that was in the backyard, opened the lid of the barbecue pit,
and took something out of the pit.  Officer Wilkerson shined his flashlight on
appellant and observed a small bag containing what he believed to be crack
cocaine in appellant=s
hand.  Officer Wilkerson asked appellant to come to him but appellant ran back
into the house.  Officer Wilkerson chased appellant through the house, and they
both exited the house through the front door.  Appellant jumped off the front
porch and sustained an ankle injury when he landed.  Appellant was lying
stomach-down, with his hands underneath him, just in front of the porch. 
Ultimately, appellant removed his hands from underneath him, and Officer
Wilkerson placed him in handcuffs.  Officer Wilkerson rolled appellant over onto
his side to see if appellant had any weapons.  At that time, Officer Wilkerson
discovered the bag that appellant had retrieved from the barbecue pit. 
Appellant had been lying on the bag before Officer Wilkerson rolled him over. 
Testing of the substance in the bag revealed that it weighed 4.43 grams and
contained cocaine.     At the suppression hearing, appellant testified that he
made the 911 call and reported that Mitchell had almost run over Lynch in his
yard.  Appellant said that Officer Wilkerson came to his house and spoke with
Lynch and him.  Appellant also said that Officer Wilkerson later returned to
his house, told him that he had spoken with Mitchell, and told him that he
could not arrest Mitchell. According to appellant, Officer Wilkerson said that Ahe was going to keep a
close eye on both of us.@ 
Appellant testified that Officer Wilkerson did not ask for permission to hide
in his backyard and that he did not give permission to Officer Wilkerson to be
in his backyard.

At
trial, Lynch testified that Officer Wilkerson did not ask appellant for permission
to go into the backyard and stake out the premises.  Lynch said that nothing
was said about the backyard but that Officer Wilkerson said that he was going
to keep a close watch to see if Mitchell came back to appellant=s house.

At
the suppression hearing, the State had the burden to prove voluntary consent by
clear and convincing evidence.  Johnson v. State, 226 S.W.3d 439, 443
(Tex. Crim. App. 2007).  The trial court found that Officer Wilkerson obtained
voluntary and intelligent consent from appellant to remain on his property to
watch for Mitchell.  Officer Wilkerson=s
testimony supports a finding that appellant gave him consent to be in the
backyard for the purpose of watching for Mitchell.  Appellant=s and Lynch=s testimony conflicted with
Officer Wilkerson=s
testimony.  As the sole judge of the credibility of the witnesses, the trial
court was free to believe Officer Wilkerson=s
testimony and to disbelieve appellant=s
and Lynch=s
testimony.  Garza, 213 S.W.3d at 346; Ross, 32 S.W.3d at 855. 
Viewing the evidence in the light most favorable to the trial court=s ruling, we hold that the
State met its burden of proving by clear and convincing evidence that appellant
voluntarily consented to Officer Wilkerson entering and remaining in his
backyard.  Therefore, the trial court did not abuse its discretion in denying
appellant=s motion to
suppress.  We overrule appellant=s
first point of error.

                                                   Jury
Instruction on Consent Issue

The
trial court instructed the jury that, before it could consider Officer
Wilkerson=s testimony
concerning the arrest of appellant and the seizure of the cocaine incident to
the arrest, it Amust
first find beyond a reasonable doubt that [Officer] Wilkerson had consent or
believed he had consent to remain on the premises of [appellant], and if [it did]
not so find beyond a reasonable doubt, [it] must disregard such testimony and
evidence.@  The trial
court gave this instruction under Article 38.23(a) of the Code of Criminal
Procedure, which is the Texas exclusionary rule.  In his second point of error,
appellant contends that the trial court=s
instruction improperly stated that the State=s
burden of proof on the consent issue was Abeyond
a reasonable doubt.@ 
Appellant argues that the State had the burden to prove consent by Aclear and convincing
evidence@ and that the
trial court should have instructed the jury accordingly.








As
stated above, at a suppression hearing, the State must prove consent by clear
and convincing evidence.  Johnson, 226 S.W.3d at 443.  However, if the
consent issue is tried and submitted to the jury, the State has the burden to
prove consent beyond a reasonable doubt.  Lalande v. State, 676
S.W.2d 115, 118 n.5 (Tex. Crim. App. 1984); Johnson v. State, 885 S.W.2d
578, 580 (Tex. App.CDallas
1994, no pet.).  Therefore, in this cause, the trial court=s instructions to the jury
on the consent issue included the proper burden of proof.  We overrule
appellant=s second
point of error.

                                            Denial
of Appellant=s
Motion for New Trial

Appellant
contends in his third point of error that the trial court erred in overruling
his motion for new trial and motion in arrest of judgment.  In these motions,
appellant asserted that the State failed to prove consent by clear and
convincing evidence.  We have held that, at the suppression hearing, the State
met its burden of proving by clear and convincing evidence that appellant
voluntarily consented to Officer Wilkerson entering and remaining in his
backyard.  Therefore, the trial court did not err in denying appellant=s motion for new trial and
motion in arrest of judgment.  We overrule appellant=s third point of error.    

This
Court=s Ruling

We
affirm the judgment of the trial court.

 

 

TERRY McCALL

JUSTICE

 

July 16, 2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]This cause was tried with Cause No. 5292 in the trial
court.  In Cause No. 5292, the jury convicted appellant of possession of
cocaine in the amount of one gram or more but less than four grams.  Appellant
pleaded true to an enhancement allegation in that cause, and the jury assessed
his punishment at twenty years confinement.  Appellant has filed a separate
appeal B Cause No. 11-08-00091-CR B from his conviction in that cause, and the conviction
is affirmed this same day in a separate opinion.  The trial court ordered that
the sentence in this cause run concurrently with the sentence in Cause No.
5292.