**Kelvin Charles JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–01–01043–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 12, 2002.

Stephen F. Morris, Houston, TX, for Appellant.

Jessica D'Anna, Assistant District Attorney, Houston, TX, for Appellee.

Panel consists of Justices TAFT, ALCALA, and PRICE.*

## EN BANC OPINION

TIM TAFT, Justice.

A jury convicted appellant, Kelvin Charles Johnson, of possession of a firearm by a felon. The jury also found true the enhancement allegation of a prior conviction for unauthorized use of a motor vehicle, and it assessed appellant's punishment at eight years in prison and a $1000 fine. We address (1) whether the trial court erred by denying appellant's motion to suppress evidence and (2) whether appellant may challenge the legal and factual sufficiency of the evidence supporting the lawfulness of a traffic stop. We affirm.

## Facts

On January 20, 2001, Houston Police Department Officer Michael Lee was on routine patrol when he observed appellant run a stop sign. Officer Lee also noticed that appellant was not wearing his seatbelt. Officer Lee turned on his emergency lights to signal appellant to stop and called Houston Police Department Officer K.G. Berry for back-up.

Both officers approached appellant's car, and Officer Lee asked appellant for his driver's license and proof of insurance. Appellant could not produce either. As Officer Lee was speaking with appellant, Officer Berry observed a box of ammunition stuck between the seats. Officer Lee then asked appellant to step out of his car and placed appellant in the back seat of his patrol car.

When appellant got out of his vehicle, Officer Berry observed a firearm on the floorboard on the driver's side. Officer Berry signaled to Officer Lee to inform Officer Lee of the firearm. Officer Lee then asked appellant if he possessed a permit for the firearm. Appellant responded that he did not. Officer Lee then placed appellant under arrest for possession of the firearm. During an inventory of the car, a small pouch was found on the visor that contained 13 large rocks of crack cocaine weighing 4.9 grams.[1]

## Motion to Suppress Evidence

In his first point of error, appellant contends that the trial court erred in overruling his motion to suppress evidence. Specifically, appellant argues that the trial court erred in not suppressing the evidence because the officer lacked probable cause to arrest appellant for the traffic violations, in violation of his Fourth Amendment right against unreasonable search and seizure. See U.S. CONST. amend. IV. Appellant urges that the officer's testimony that appellant did not stop at the stop sign and was not wearing a seatbelt is "simply not credible on its face" because the officer claimed to have ob-

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. In a trial for both the firearm and drug violations, the jury acquitted appellant of the offense of cocaine possession.

served the infractions from at least 150 feet away.

■ Unless there is an abuse of discretion, a trial court's ruling on a motion to suppress evidence will not be set aside. *Taylor v. State,* 945 S.W.2d 295, 297 (Tex. App.-Houston [1st Dist.] 1997, pet. ref'd). We defer to a trial court's determination of facts that are supported by the record, especially when based on the evaluation of the credibility and demeanor of witnesses. *See Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App.1997). The trial court, as fact finder, is the sole judge of a witness's credibility and may accept or reject any or all of the witness's testimony. *Taylor,* 945 S.W.2d at 297. In reviewing a ruling on a question of application of the law to the facts, we review the evidence in the light most favorable to the trial court's ruling. *Guzman,* 955 S.W.2d at 89. However, we review de novo a trial court's determination of reasonable suspicion and probable cause. *Id.* at 87.

■ Officer Lee testified that he observed appellant fail to come to a stop at the stop sign while not wearing his seatbelt. *See* Tex. Transp. Code · Ann. § 545.151 (Vernon Supp.2002) (proscribing not coming to a complete stop at a stop sign); *see also* Tex. Transp. Code Ann. § 545.413 (Vernon Supp.2002) (proscribing not wearing a seatbelt). Appellant claims Officer Lee's testimony is incredible because he could not have seen the traffic offenses from over 150 feet away, particularly when other defense evidence was introduced to establish that the officer did not have an unobstructed view. Officer Lee's testimony is to the contrary. It shows that Officer Lee approached the intersection of Thompson and Eigel, traveling eastbound on Eigel. He observed appellant's car, traveling southbound on Thompson, roll through the stop sign. He estimated that he was 100 to 150 feet away. It was as he was approaching that he observed that appellant was not wearing his seatbelt. From this evidence, viewed in the appropriate light, the trial court could have concluded that Officer Lee was as close as 100 feet and had a clear side view of appellant's rolling through the stop sign and an even closer view of the seatbelt infraction. Therefore, the trial court, as the sole fact finder, did not err in concluding that Officer Lee's stop and detention of appellant were lawful and thus did not err in denying appellant's motion to suppress evidence.

We overrule appellant's first point of error.

### Legal Sufficiency of the Evidence

■ In his second point of error, appellant contends that the evidence was legally insufficient because the State failed to prove beyond a reasonable doubt that the firearm was seized lawfully. Appellant argues that the evidence failed to support the jury's implied finding, pursuant to article 38.23 of the Texas Code of Criminal Procedure, that Officer Lee had reasonable suspicion to stop appellant's car. *See* Tex.Code Crim. Proc. Ann. art. 38.23 (Vernon Supp.2002).

■ When reviewing the legal sufficiency of the evidence to support a criminal conviction, the critical inquiry is whether the evidence in the record could reasonably support a finding of guilt beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979). We review the legal sufficiency of the evidence by viewing the evidence in the light most favorable to the verdict to determine if any rational factfinder could have found *the essential elements* of the crime beyond a reasonable doubt. *King v. State,* 29 S.W.3d 556, 562 (Tex.Crim.App.2000);

*Howley v. State*, 943 S.W.2d 152, 155 (Tex. App.-Houston [1st Dist.] 1997, no pet.).

Appellant acknowledges that the prevailing law regarding sufficiency-of-the-evidence challenges applies only to the elements of the offense. Nevertheless, appellant argues that we should also allow a challenge to the sufficiency of the evidence supporting the jury's implicit finding regarding the lawfulness of the traffic stop. This very issue was decided against appellant's position in *Malik v. State*, 953 S.W.2d 234 (Tex.Crim.App.1997).[2] *Malik* was found guilty of carrying a handgun. *Id.* at 234. On appeal, Malik argued that the evidence was legally insufficient to show reasonable suspicion to stop him. *Id.* at 235. The *Malik* court held that the jury instruction concerning the legality of the appellant's detention could not be used to measure the sufficiency of the evidence: the detention issue went to the evidence's admissibility and was not an element of the offense charged. *Id.* at 240. Accordingly, we may not review the legal sufficiency of the evidence supporting the jury's implicit finding of lawfulness of the traffic stop.

We overrule appellant's second point of error.

### Factual Sufficiency of the Evidence

■ In his third point of error, appellant contends that the evidence is factually insufficient because the State failed to prove beyond a reasonable doubt that the firearm was seized lawfully. Appellant repeats the same argument already made in support of his second point of error.

The State responds by pointing to the case that established factual sufficiency review in Texas criminal jurisprudence. *See*

*Clewis v. State*, 922 S.W.2d 126 (Tex.Crim. App.1996). *Clewis* articulated the new standard of review in terms of the factual sufficiency of the evidence supporting the *elements of the offense. Id.* at 129. Because the lawfulness of the traffic stop is not an element of the offense of possession of a firearm by a felon, the State submits that appellant's third point of error is also without merit.

The State candidly acknowledges our decision in *Coleman v. State*, 45 S.W.3d 175, 178 (Tex.App.-Houston [1st Dist.] 2001, pet. ref'd), however, in which we did review the factual sufficiency of the jury's implied finding on a suppression issue. There, we said that Coleman had presented no authority permitting such review. *Id.* Nevertheless, we reviewed what the Court of Criminal Appeals had identified as a finding in *Pierce v. State*, 32 S.W.3d 247, 253 (Tex.Crim.App.2000). Indeed, it is tempting to review the factual sufficiency of the evidence supporting the implied finding on the suppression issue because the jury is instructed, as it is in finding the elements of the offense to establish guilt, that it must find the police conduct lawful beyond a reasonable doubt before it may consider evidence stemming from the challenged police conduct. *See* TEX.CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon Supp. 2002). The State asks us to reconsider our decision in *Coleman* in light of cases requiring all of the evidence to be reviewed in factual sufficiency analyses. *See Clewis*, 922 S.W.2d at 129.

We note that one member of a panel from the Waco Court of Appeals has followed our decision in *Coleman. See Davy v. State*, 67 S.W.3d 382, 390 (Tex.App.-

---

**2.** *Malik* is better known for overruling the *Benzor/Boozer* line of case law and establishing the principle that legal sufficiency of the evidence is measured by the elements of the offense as defined by the hypothetically correct jury charge for the case. *See Malik v. State*, 953 S.W.2d 234, 239–40 (Tex.Crim.App. 1997).

Waco 2001, no pet.). Another member of the same panel expressly disagreed with *Coleman.* *See id.* at 396 (Vance, J., concurring). Relying primarily on the principle that sufficiency review, whether legal or factual, applies only to the elements of the offense, the concurring opinion in *Davy* also pointed out the practical quagmire that factual review of suppression issues would produce. *Id.* at 396–97.

We also note that allowing factual sufficiency review of the suppression issue would undermine well-settled law that sufficiency-of-the-evidence review considers all of the evidence at trial, whether properly or improperly admitted. *See Wilson v. State,* 7 S.W.3d 136, 141 (Tex.Crim.App. 1999) (legal sufficiency); *Young v. State,* 976 S.W.2d 771, 773 (Tex.App.-Houston [1st Dist.] 1998, pet. ref'd) (factual sufficiency). Allowing such a factual sufficiency review would also be inconsistent with the principle that a factual sufficiency analysis presumes that the evidence has already been found legally sufficient. *See Clewis,* 922 S.W.2d at 134. Because the *Malik* court held there is no legal sufficiency review of suppression issues, it follows logically that there can be no factual sufficiency review of those issues, either.

These developments constrain us to reconsider our decision in *Coleman,* in which we candidly acknowledged that there was no precedent allowing factual sufficiency review of suppression issues. We now conclude there is both authority and good reason not to do so. Accordingly, as to this point of error, we overrule that portion of *Coleman* allowing challenges to the sufficiency of the evidence supporting a jury's implied finding on a suppression issue. *See Coleman,* 45 S.W.3d at 178. We hold that an appellate court may not engage in a factual sufficiency review of suppression issues submitted to juries pursuant to article 38.23(b) of the Code of Criminal Procedure. *See* Tex.Code Crim. Proc. Ann. art. 38.23(b) (Vernon Supp. 2002).

Accordingly, we overrule appellant's third point of error.

### Conclusion

We affirm the trial court's judgment.

En banc consideration was requested.

A majority of the justices of the Court voted to consider the case en banc.

The en banc Court consists of Justices MIRABAL, HEDGES, TAFT, NUCHIA, JENNINGS, RADACK, KEYES, ALCALA, and FRANK C. PRICE.