In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-01198-CR
NO. 01-02-01199-CR
____________

ERIC PAUL CRUZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 177th District Court 
Harris County, Texas
Trial Court Cause Nos. 900375 and 900376 




MEMORANDUM OPINION
         Two indictments charged appellant with the aggravated sexual assault
of his three-year-old daughter. Cause number 900375 alleged that the child’s
sexual organ contacted appellant’s mouth. Cause number 900376 alleged
that the child’s mouth contacted appellant’s sexual organ. Appellant pleaded
not guilty to a jury and was found guilty of both offenses in a single trial. 
The jury assessed 20 years’ confinement in each case, which the trial court
ran concurrently. In one issue, appellant claims that the evidence was legally
insufficient to sustain his convictions. We affirm.
Background
         Appellant was allowed to visit his three-year-old daughter every
Wednesday and every other weekend after he and his wife, Violet Cruz,
divorced in July 1998. Violet Cruz became suspicious of appellant because,
after each of these visits, her daughter would complain that her “tee tee” hurt.
         When appellant returned his daughter after visitation on December 12,
1999, the child, who was then three years old, again complained that her “tee
tee” hurt. Her mother asked whether appellant had hurt her “tee tee,” but the
child said, “No.” The mother took the child to a doctor later that morning and
the child received medication for a bladder infection. That evening, the child
told her mother that appellant kissed her “tee tee.” Later that same evening,
the child told her grandmother that appellant kissed her “tee tee,” and she
kissed his “pee pee.” Cruz called police and Child Protective Services (CPS) the
next day. 
          Dr. Sheila Lahoti, a pediatrician with the Children’s Assessment Center,
performed a medical examination of the child on December 15, 1999, discovered a
small “notch” in the child’s hymen, and concluded she had possibly been sexually
abused. That same day, Kimberly Wiseburn, a specialized interviewer with CPS,
interviewed the child, reviewed her medical examination and statements from her
mother and grandmother, and concluded the child had been sexually abused.
          After the child’s initial disclosures to CPS, another CPS interviewer, Lisa
Holcomb, interviewed the child again on February 16, 2001, and September 21,
2001. The child continued to assert that when she was three years old, her father
licked her “tee tee” with his tongue “a lot” at his house and she licked his “pee
pee.” Beginning in September 2000, the child received therapy at the Children’s
Assessment Center from Laura Strophle. 
          After thrice rejecting charges for police “to obtain more information,” the
District Attorney’s office accepted charges when police presented the case a fourth
time.
Analysis
          In his sole point of error, appellant asserts that the evidence was legally
insufficient to support his convictions for aggravated sexual assault of a child. In
addressing a legal-sufficiency challenge, we view the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. See King v.
State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000); Johnson v. State, 95 S.W.3d
568, 571 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d). Although our analysis
considers all evidence presented at trial, we may not re-weigh the evidence and
substitute our judgment for that of the jury. King, 29 S.W.3d at 562. The jury is
the exclusive judge of the credibility of the witnesses and the weight to give their
testimony, and it is the exclusive province of the jury to reconcile conflicts in the
evidence. Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). The
jury is free to accept or reject any part of a witness’s testimony. Lackey v. State,
819 S.W.2d 111, 116 (Tex. Crim. App. 1989).
          Appellant contends that the child’s testimony that she was sexually abused
by her father could not have been worthy of belief because: 1) the District
Attorney’s office rejected charges for three years; 2) no medical evidence verified
the assault; 3) the three-year delay, from the time of the assault at age three to the
time of her testimony at age six, caused the child to have a poor memory and a
failure to remember details of the assault; 4) CPS interviewers, the child’s mother
and grandmother, and the child’s therapist, created a false memory through
repeated and leading questions and interviews; and 5) the child’s testimony
concerned what she reiterated about the assault as opposed to what actually
occurred. 
          Appellant’s complaints challenge the credibility of the child’s testimony and
ask us to conclude, as a matter of law, that a rational trier of fact could not have
believed the child. Credibility determinations, however, remain exclusively with
the jury. Wesbrook, 29 S.W.3d at 111.
          After the trial court found the child competent to testify, the child discussed
the assault itself and statements she made to others about the assault. Her
testimony included gestures to appropriate body parts on an anatomically correct
doll to assist in the description of events. The child testified that her testimony was
her own and not supplied by anyone. Although the child could not remember all
details, appellant concedes this would be “expected of a six year old trying to recite
events that occurred three years before.”
          We cannot conclude, as a matter of law, that a six-year-old child is not
credible in relaying sexual contact that occurred three years before. The testimony
of a child victim alone is sufficient to support a conviction for aggravated sexual
assault. See Tex. Code Crim. Proc. Ann. art. 38.07(a) (Vernon Supp. 2002);
Sandoval v. State, 52 S.W.3d 851, 854 n.1 (Tex. App.—Houston [1st Dist.] 2002,
pet. ref’d). The credibility of the six-year-old child and the weight to give her
testimony were exclusively the province of the jury. See Wesbrook, 29 S.W.3d at
111. 
          Moreover, the State explained that the District Attorney rejected charges
“just to obtain more information,” and Dr. Lahoti testified the child had a “notch”
in her female sexual organ that suggested possible sexual abuse. Finally, the
child’s mother and grandmother, CPS interviewer Lisa Holcomb, and CPS
interviewer Kimberly Wiseburn each explained how their conversations with the
child about the abuse took place. Accordingly, any evidence of “leading”
questions or suggestive interview techniques was before the members of the jury to
assist in their credibility assessments. The credibility of the witnesses, those who
relayed the child’s statements, those who explained their conclusions and those
who gave medical evidence, was also properly left to the jury, as was the weight to
give their testimony. 
          Having reviewed the body of evidence in the light most favorable to the
prosecution, in accordance with the well-settled standard of review, we conclude
that any rational finder of fact could have found the essential elements of the
offense beyond a reasonable doubt. See King, 29 S.W.3d at 562. We therefore
conclude that the evidence is legally sufficient to support appellant’s conviction.
          We overrule appellant’s sole point of error.
 

Conclusion
We affirm the judgments of the trial court.

 

     Elsa Alcala
     Justice

Panel consists of Chief Justice Radack and Justices Keyes and Alcala

Do Not Publish. Tex. R. App. P. 47.2(b).