Criminal Case Template



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



LORENZO HEREDIA,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§



§


§


§


§

No. 08-06-00011-CR


Appeal from the


County Court at Law No. Seven


of El Paso County, Texas


(TC# 20050C07039)


O P I N I O N



 This is an appeal from a conviction for the offense of driving while intoxicated. Appellant
pled guilty to the court and the court assessed punishment at 180 days' confinement in the El Paso
County Jail, probated for fifteen months, and a fine of $750, $250 of which was probated. We
affirm.

I. SUMMARY OF THE EVIDENCE


 Sergeant Luis Ortiz of the El Paso Police Department testified at the hearing on Appellant's
motion to suppress the evidence. On May 23, 2005, at approximately 3:46 p.m., he was on patrol
on Global Reach Street, facing east, when he observed Appellant's vehicle traveling westbound. He
saw the vehicle overtake another car at a high rate of speed, which caused the officer to suspect that
Appellant's vehicle was traveling in excess of the fifty-mile-per-hour speed limit. Sgt. Ortiz had
been at the location for an hour, and he had observed the vehicular traffic traveling at between forty
and fifty miles per hour. He made a U-turn to catch up with Appellant, and positioned his patrol car
to "pace" Appellant's vehicle. The officer testified that his patrol car had a factory-certified
calibrated speedometer. The pacing is accomplished by maintaining a given distance and comparing
the speed of the other vehicle with the patrol car's speedometer. Sgt. Ortiz paced Appellant's vehicle
for one-half mile, and he determined that Appellant was traveling in the high range of sixty-five
miles per hour.

 Sgt. Ortiz pulled up behind Appellant's vehicle and attempted to effect a stop by activating
the patrol car's lights and siren. Appellant continued for approximately one-half to three-quarters
of a mile before coming to a stop. The officer stated that he finally had to use his air horn to get
Appellant to stop. This was not a typical response time.

 When Sgt. Ortiz started to question him, Appellant fumbled for his driver's license and
insurance. His eyes were bloodshot, his eyes were watery, and his speech was slow and slurred. 
There was a strong odor of alcohol about his person. Appellant acknowledged to Sgt. Ortiz that he
had consumed a few beers.

 The officer testified on cross-examination that he had not received any training to visually
determine the exact rate of speed of a moving vehicle, but he stated that such training was not
required in order to stop a speeding vehicle. Sgt. Ortiz testified that his experience as a driver and
as a police officer made him familiar with how a moving vehicle appeared at different speeds. The
officer related that he suspected that Appellant was speeding after observing the flow of traffic and
seeing Appellant overtake another vehicle. Although he was not qualified to use radar, such a
qualification was not needed to utilize the pacing procedure. The witness stated that he was not a
mechanic, and he did not check the speedometer on the day of the arrest. He did not know if the tires
had been replaced, but he thought the vehicle had factory-installed tires. He was not aware of any
mechanical problems with the patrol vehicle, aside from the fact that the patrol car's video
equipment was inoperative. The trial court denied Appellant's motion to suppress the evidence.

II. DISCUSSION


 In Appellant's sole issue on appeal, he asserts that the court erred in denying his motion to
suppress the evidence. Specifically, Appellant contends that Sgt. Ortiz did not have reasonable
suspicion to detain him, because he lacked training to determine whether Appellant was speeding,
and the patrol car's equipment was inadequate.

 We review a motion to suppress evidence by both abuse of discretion and de novo standards. 
Guzman v. State, 955 S.W.2d 85, 87-91 (Tex. Crim. App. 1997); Urquhart v. State, 128 S.W.3d 701,
704-05 (Tex. App.--El Paso 2003, pet. ref'd). Purely factual questions, based upon evaluation of
credibility and demeanor of witnesses, require application of the abuse of discretion standard. 
Guzman, 955 S.W.2d at 89. Mixed questions of law and fact, which are not dependent on credibility
or demeanor, are reviewed de novo. Id. We review the evidence in the light most favorable to the
trial court's ruling. State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). In a suppression
hearing, the trial court is the sole finder of fact. Pace v. State, 986 S.W.2d 740, 744 (Tex. App.--El
Paso 1999, pet. ref'd). The trial judge may believe or disbelieve any of the evidence presented. Id. 
Where, as here, the trial court made no explicit findings of fact, we must imply the necessary fact
findings that would support the trial court's ruling, if the evidence, viewed in the light most
favorable to the trial court's ruling, supports these implied fact findings. State v. Kelly, 204 S.W.3d
808, 818-19 (Tex. Crim. App. 2006). The totality of the circumstances is considered to determine
whether the trial court's findings are supported by the record. In re D.A.R., 73 S.W.3d 505, 509
(Tex. App.--El Paso 2002, no pet.) (citing Brewer v. State, 932 S.W.2d 161, 166 (Tex. App.--El Paso
1996, no pet.)). (1)

 Law enforcement officers may stop and briefly detain persons suspected of criminal activity
on less information than is constitutionally required for probable cause to arrest. Terry v. Ohio, 392
U.S. 1, 22, 88 S. Ct. 1868 (1968). Under the Fourth Amendment, a temporary detention is justified
when the detaining officer has specific, articulable facts which, together with rational inferences
from those facts in light of the officer's experience and general knowledge, would lead a reasonable
officer to conclude that the person detained is, has been, or soon will be engaged in criminal activity. 
Id. at 21-22, 88 S. Ct. at 1880; Brother v. State, 166 S.W.3d 255, 257 (Tex. Crim. App. 2005), cert.
denied, --- U.S. ----, 126 S. Ct. 1172 (2006); Kothe v. State, 152 S.W.3d 54, 63-64 (Tex. Crim. App.
2004). The officer must be able to articulate more than an "inchoate and unparticularized suspicion
or 'hunch' of criminal activity." Illinois v. Wardlow, 528 U.S. 119, 124, 120 S. Ct. 673 (2000). 
"Reasonableness," under Fourth Amendment standards, is a fact-specific inquiry measured in
objective terms by examining the totality of the circumstances. Kothe, 152 S.W.3d at 63.

 Generally, what appears to be a violation of the Texas Transportation Code gives rise to
reasonable suspicion in support of a valid traffic stop. See Tyler v. State, 161 S.W.3d 745, 750 (Tex.
App.--Fort Worth 2005, no pet.); see also Powell v. State, 5 S.W.3d 369, 376 (Tex. App.--Texarkana
1999, pet. ref'd) (citing Drago v. State, 553 S.W.2d 375, 377-78 (Tex. Crim. App. 1977)). Speeding
and failure to control speed are traffic violations. Chapnick v. State, 25 S.W.3d 875, 877 (Tex. App.
--Houston [14th Dist.] 2000, pet. ref'd) (citing Tex. Transp. Code Ann. § 545.351).

 Appellant maintains that Sgt. Ortiz lacked reasonable suspicion, because he lacked training. 
While the officer did not have radar training, and he had no specific training in determining the speed
of vehicles, Sgt. Ortiz testified that no such training is required to determine whether someone is
speeding. He saw Appellant pass other vehicles, while traveling in excess of the speed limit. This
was sufficient to establish reasonable suspicion. See Icke v. State, 36 S.W.3d 913, 915-16 (Tex.
App.--Houston [1st Dist.] 2001, pet. ref'd).

 Appellant also argues that the pacing procedure was invalid due to lack of substantiation that
the vehicle's equipment, including the speedometer, was working properly. However, even if it were
later shown that Sgt. Ortiz's estimation of Appellant's speed was incorrect due to equipment
problems, a stop that meets the test for reasonable suspicion is lawful, notwithstanding a subsequent
determination that the equipment was faulty. (2) See id. at 916. We find that the court did not err in
denying Appellant's motion to suppress the evidence. Appellant's sole issue is overruled.

III. CONCLUSION


 We affirm the judgment of the trial court.


 KENNETH R. CARR, Justice

June 14, 2007


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)

1. Appellant also urges that we apply a legal and factual sufficiency standard of review to the question of whether
the traffic stop was valid. However, such a review does not apply in that context. Johnson v. State, 95 S.W.3d 568, 572
(Tex. App.--Houston [1st Dist.] 2002, pet. ref'd); Ex parte Taylor, No. 08-01-00252-CR, 2003 WL 21761670, at *4 n.1
(Tex. App.--El Paso July 31, 2003, pet. ref'd) (mem. op.) (not designated for publication).
2. We express no opinion regarding whether such a subsequent determination might be grounds for setting aside
a conviction for speeding, since Appellant was not charged with speeding in this proceeding.