Affirmed and Memorandum Opinion filed August 28, 2008








Affirmed
and Memorandum Opinion filed August 28, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00144-CR

____________

 

EDISON DEJESUS SALAZAR, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 338th
District Court 

Harris County, Texas

Trial Court Cause No. 1037089

 



 

M E M O R A N D U M  O P I N I O N

Appellant Edison DeJesus Salazar appeals his conviction for
possession with intent to deliver cocaine, challenging factual sufficiency of
the evidence supporting admission of the narcotics.  We affirm the trial court=s judgment. 

I.  Factual and Procedural
Background 








Undercover Houston Police Department Officers James Yeoman
and Mario Escobedo conducted surveillance at a restaurant parking lot in an
unmarked police vehicle while wearing civilian clothing.  They observed a white
van, driven by appellant, and a blue truck driven by another man pull into the
parking lot one after another.  The drivers of the vehicles parked next to each
other, facing the officers= police car.  Nothing blocked the officers= view of the van
or truck.  The officers observed the driver of the truck meet appellant between
the two vehicles, and they saw the driver of the truck pull a heavy, green and
black duffel bag from the truck.  Without exchanging any words, the man handed
the bag to appellant, who then placed the bag inside the back of the van behind
the driver=s seat.  Both vehicles immediately left the parking
lot.

Because the officers believed they witnessed a narcotics
deal, they followed the van and called for backup.  After the officers observed
appellant commit several traffic violations by changing lanes without
signaling, Officer Yeoman advised Officer Brett Tatum, the responding officer
in the marked patrol car, to pull appellant=s vehicle over. 
Once parked, Officers Tatum and Escobedo then approached the driver=s side of the
van.  Officer Tatum, in Spanish, asked appellant for appellant=s driver=s license and
insurance.[1]








Both Officers Escobedo and Tatum testified that they
suspected appellant had been engaged in a narcotics transaction.  Officer
Escobedo testified that because of his suspicions, he requested and received
permission from appellant to search the van.[2] 
While Officers Tatum and Escobedo spoke with appellant, Officer Yeoman, who was
able to see through the van=s window, saw the green and black duffel
bag sitting on the floor inside.  The bag was partially unzipped, and
newspapers covered one side of the bag.  Officer Yeoman testified at trial that
he observed bricks of what appeared to be cocaine wrapped in brown packing tape
inside the bag in plain view.  Officer Yeoman believed the packages in the bag
were bricks of cocaine because they were similarly packaged as kilos of cocaine
he had observed on several previous occasions.  Officer Escobedo informed
Officer Yeoman that appellant had given consent to search the van, and Officer
Yeoman retrieved the bag from inside the vehicle.  Police later verified the
duffel bag contained 13.5 kilograms of cocaine.

Appellant was charged with possession with intent to
deliver more than four hundred grams of cocaine, to which he pleaded Anot guilty.@  The only other
account of the events came from appellant=s own testimony at
trial.  Appellant denied ever conversing with Officer Escobedo or giving anyone
consent to search.  During trial, the State offered the seized cocaine into
evidence, and appellant did not object to the cocaine or to any testimony
regarding its seizure.

The jury found appellant guilty as charged.  The trial
court judge assessed punishment at forty-five years= confinement and
levied a $10,000 fine.

II.  Issue and Analysis 

In his only issue, appellant contends the evidence is
factually insufficient to support the jury=s implied finding
that the cocaine was lawfully seized on the grounds that (1) appellant did not
give consent to search his vehicle, (2) the officers did not have probable
cause, and (3) the cocaine was not in plain view because it was Aimpossible for the
officer to see the contents@ of the bag.  Appellant focuses on the
jury instruction in the trial court=s charge and
challenges the factual sufficiency of the evidence to support an implied jury
finding of probable cause or consent pursuant to that instruction.  Appellant
asserts the jury=s implied finding of probable cause or
consent is incorrect because the jury should have disregarded the cocaine
pursuant to Article 38.23 of the Texas Code of Criminal Procedure, inasmuch as the
testimony admitted at trial allegedly indicated the cocaine was seized without
probable cause or consent.








Article 38.23 of the Texas Code of Criminal Procedure
provides in part:

No evidence obtained by an officer or other person in violation of any
provisions of the Constitution or laws of the State of Texas, or of the
Constitution or law of the United States of America, shall be admitted in
evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the
jury shall be instructed that if it believes, or has a reasonable doubt, that
the evidence was obtained in violation of the provisions of this Article, then
and in such event, the jury shall disregard any evidence so obtained.

Tex. Code Crim. Proc. Ann. art. 38.23(a)
(Vernon 2005).

The Court of Criminal Appeals explained in Holmes v.
State, the Afirst sentence of article 38.23 speaks to
the admissibility of evidence.@  248 S.W.3d 194, 199 (Tex. Crim. App.
2008).  A trial court judge determines admissibility of evidence under Texas
Rule of Evidence 104(a), and the trial judge=s decision to
exclude evidence could be determined by a ruling of law, a finding of fact, or
both.  Id.; see Tex. R.
Evid. 104(a) (APreliminary questions concerning the . . .
the admissibility of evidence shall be determined by the court.@).








The second sentence of Article 38.23 pertains to the jury
instruction and the jury=s consideration of the evidence. 
Holmes, 248 S.W.3d at 199.  This provision comes into play only if the
trial court has admitted evidence, and only if there is a contested issue of
fact about the obtaining of the evidence.[3] 
Id.  The jury is given a role as backup protection against erroneous judicial
rulings that have admitted evidence.  Pierce v. State, 32 S.W.3d 247,
253 (Tex. Crim. App. 2000).

In this case, the jury instruction during the
guilt-innocence phase of trial roughly tracked the language in Article 38.23,
providing as follows:

[A]ny search of the defendant=s vehicle without a search warrant, without probable cause
or without his consent would not be lawful. . . .  [C]onsent must be freely and
voluntarily given to be considered effective.

[U]nless you believe beyond a reasonable doubt, or if you have
reasonable doubt thereof, that the search of the defendant=s vehicle, if any, was with the
defendant=s consent and that said consent, if
any, was freely and voluntarily given, then you will wholly disregard such
evidence found in the vehicle, if any, and not consider it as any evidence
whatsoever.

See Tex. Code Crim. Proc. Ann. art.
38.23(a).  A jury charge containing Article 38.23 language instructs the
jurors to disregard evidence, if they believe it was illegally obtained.  See
id.; Hanks v.
State, 104 S.W.3d
695, 701 (Tex. App.CEl Paso 2003), aff=d, 137 S.W.3d 668, 668 (Tex. Crim. App. 2004) (stating
the Article 38.23 instruction clearly instructed the jury to disregard
particular items of evidence it found had been seized by the officers without
probable cause).  By implication, a Aguilty@ verdict, as in
this case, means the jury resolved a factual dispute against appellant that the
cocaine was not obtained in violation of the Constitutions and laws of the
United States or of Texas.  See Pierce, 32 S.W.3d at 253; Coleman v.
State, 45 S.W.3d 175, 178 (Tex. App.CHouston [1st
Dist.] 2001), overruled on other grounds by Johnson v. State, 95
S.W.3d 568, 572 (Tex. App.CHouston [1st Dist.] 2002, pet. ref=d) (en banc).








Appellant argues the evidence is factually insufficient to
support the jury=s implied finding of probable cause when
other evidence indicates (1) Officer Yeoman could not have seen the contents of
the bag in plain view because bundles of newspaper covered part of the duffel
bag, and (2) Officer Yeoman could not have recognized the contents of the bag
in plain view because the bricks of cocaine were wrapped in brown packing
tape.  Essentially, appellant asserts Officer Yeoman had no probable cause to
search the van and seize the cocaine because the nature of the contents of the
duffle bag was not immediately apparent and there was no basis for Officer
Yeoman to associate the bags contents with criminal activity.  Furthermore,
appellant asserts that the facts in the record are insufficient to support the
jury=s implied finding
of consent because Officer Tatum could not speak enough Spanish to corroborate
Officer Escobedo=s testimony that appellant gave consent. 
According to appellant, the evidence is insufficient to prove probable cause or
consent, making the officers= search and seizure unlawful, and,
therefore, pursuant to Article 38.23, the jury should have disregarded the
evidence, which incorrect renders the jury=s implied finding
of probable cause or consent.  

Appellant urges this court to conduct a factual-sufficiency
review of the evidence to support the resolution of the jury=s implied finding
of probable cause or consent pursuant to Article 38.23.  Appellant essentially
asks this court to assess the jury=s implied finding
of probable cause or consent pursuant to Article 38.23 of the Texas Code of
Criminal Procedure while employing a factual-sufficiency standard of review.

Courts
of appeals are vested with the authority to review fact questions in criminal
cases under a factual-sufficiency standard of review.  Hanks v. State, 137 S.W.3d 668,
670 (Tex. Crim. App. 2004) (en banc); Clewis v. State, 922 S.W.2d 126,
129 (Tex. Crim. App. 1996) (en banc).  Moreover, it is now well settled that
courts of appeals are empowered to conduct a factual-sufficiency review of the
evidence of the elements of the offense.  Hanks, 137 S.W.3d at 670;
see Clewis, 922 S.W.2d at 129.  When evaluating a challenge to the factual
sufficiency of the evidence, an appellate court views all the evidence in a
neutral light and inquires whether it is able to say, with some objective basis
in the record, that a conviction is Aclearly wrong@ or Amanifestly unjust@ because the great
weight and preponderance of the evidence contradicts the jury=s verdict.  Watson
v. State, 204 S.W.3d 404, 414B15 (Tex. Crim.
App. 2006).








However, sufficiency and admissibility of evidence are
distinct issues.  Hanks, 137 S.W.3d at 671; Caddell v. State, 123 S.W.3d 722, 726 (Tex. App.CHouston [14th Dist.] 2003, pet. ref=d).  ASufficiency@ relates to
whether elements of an offense have been logically established by the evidence
presented, both admissible and inadmissible.  Hanks, 137 S.W.3d at 671. 
Legal and factual sufficiency issues must relate only to the elements of the
charged offense.  Id.  On the other hand, Aadmissibility@ relates to the
fairness of introducing evidence and its logical relevance.  Id.; see
Tex. R. Evid. 403.

An appellant may
request review of the factual sufficiency of the elements of the offense.  See
Hanks, 137 S.W.3d at 670; Clewis, 922 S.W.2d at 128B29.  But nothing
mandates appellate review of the factual sufficiency of the evidence of all
disputed fact issues.  Hanks, 137 S.W.3d at 670.  And the disputed fact
issue of whether the evidence was illegally obtained is not an element of the
offense for which appellant was charged.  Hanks, 137 S.W.3d at 671;
see Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997) (en banc); Caddell,
123 S.W.3d at 726 ; Johnson, 95 S.W.3d at 572.

We note that
allowing a factual-sufficiency review of an admissibility issue would undermine
well-settled law that in conducting sufficiency-of-the-evidence reviews courts
consider all the evidence at trial as to the essential elements of the
offense.  See Johnson, 95 S.W.3d at 573.  Appellant asks us to look only
at evidence pertaining to probable cause and consent, and not to consider any
other evidence, admissible or inadmissible.  The admissibility of a particular
piece of evidence alone cannot be used to determine the sufficiency of all
other evidence introduced to prove the elements of the offense.  See Hanks,
137 S.W.3d at 670; Malik, 953 S.W.2d at 240.  In a sufficiency review,
an appellate court does not have the power to re‑evaluate the weight and
credibility of any particular piece of evidenceCall evidence
presented to prove an element of the charged offense must be considered.  See
Lee v. State, 29 S.W.3d 570, 578 (Tex. App.CDallas 2000, no
pet.); Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993) (en
banc).








We hold that a factual-sufficiency review is appropriate
only as to the sufficiency of evidence to prove each element of the offense.  See
Hanks, 137 S.W.3d at 672; Malik, 953 S.W.2d at 240.  A
factual-sufficiency review is not appropriate as to the admissibility of
evidence when such a question is submitted to the jury pursuant to Article
38.23 of the Texas Code of Criminal Procedure.  See Hanks, 137 S.W.3d at
672.  Appellant=s complaint should have been voiced when
the trial court ruled to admit the evidence, and addressed at that time.  See
Kendrick v. State, 93 S.W.3d 230, 236 (Tex. App.CHouston [14th
Dist.] 2002, pet. ref=d).

We overrule appellant=s only issue and
affirm the judgment of the trial court. 

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed August 28, 2008.

Panel consists of
Justices Frost, Seymore, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 









[1]  Officer Tatum explained he originally asked for
appellant=s license and registration in English.  Appellant
indicated he did not know English well, so Officer Tatum asked appellant for
the documents in Spanish.





[2]  Officer Escobedo asked in Spanish for permission to search the
appellant=s van.  Officer Tatum testified he
did not understand each word Officer Escobedo said in Spanish, but he claimed
to understand enough to know Officer Escobedo said the phrases Alook for@ and Ainside your car@ and that appellant agreed.





[3]  To the extent appellant argues the trial court erred
in admitting the cocaine, appellant has waived this issue on appeal.  See
Tex. R. App. P. 33.1(a); Holmes,
248 S.W.3d at 200.  Appellant neither raised any objections during trial when
the State offered the evidence, nor filed a motion to suppress the evidence. 
In fact, appellant affirmatively waived his right to have the trial judge
determine the admissibility of the cocaine by stating ANo objection,@
when the State offered the evidence.  See Holmes, 248 S.W.3d at 200.  He
therefore waived any claim on appeal that the trial court erred in admitting
that evidence.  Id.  However, appellant=s lack of an objection when the evidence was offered does not indicate
the issue is uncontested as to deprive him of an Article 38.23 jury
instruction.  See Holmes, 248 S.W.3d at 200.