In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00010-CR

                                                ______________________________

 

 

                                        JODY RAY HENRY,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 349th
Judicial District Court

                                                           Houston County, Texas

                                                          Trial Court
No. 10CR041

 

                                                      
                                            

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Roshanda Wooten was driving southbound on Highway 287 in
Houston County[1] when
her car was violently struck from the rear by another vehicle, causing it to
spin out of control into the median.[2]  Jody Ray Henry, the driver of the vehicle
that struck Wooten, continued driving southbound on Highway 287 without
stopping.[3]  Henry was arrested a short time later.[4]  

            A
jury convicted Henry of accident involving personal injury[5] and
sentenced him to five years’ confinement. 
We affirm the judgment of the trial court because (1) the implied jury
finding that Henry was lawfully detained is not subject to a sufficiency
review, and (2) the evidence is legally sufficient to sustain Henry’s
conviction.

(1)        The
Implied Jury Finding that Henry Was Lawfully Detained Is Not Subject to a
Sufficiency Review

 

            Henry
argues that the evidence is legally insufficient to support the implied jury
finding that his detention was lawful.[6]  Henry did not file a motion to suppress
evidence obtained as a result of his allegedly unlawful detention.  Rather, the trial court submitted a jury
instruction under Article 38.23(a).[7]  See
Tex. Code Crim. Proc. Ann. art.
38.23(a) (West 2005).

            Implicit
in the jury’s verdict of guilt is the finding that the traffic stop was based
on reasonable suspicion.  Henry contends
this finding is subject to appellate review for legal sufficiency, citing Coleman v. State, 45 S.W.3d 175, 178
(Tex. App.—Houston [1st Dist.] 2001, pet. ref’d).  In that case, the jury was instructed that “a
peace officer is not authorized to stop, arrest, detain, or search a person or
vehicle without first obtaining a warrant, unless the officer has ‘probable
cause . . . to believe that an offense’ has been committed.”  Id.  Coleman challenged the factual sufficiency of
the evidence to support the implied jury finding that the stop was
authorized.  Houston’s First Court of
Appeals conducted a sufficiency review of this implied finding and determined
the evidence was sufficient to support it. 
Id. at 180.

            The
following year, the same court overruled Coleman.  See
Johnson v. State, 95 S.W.3d 568 (Tex.
App.—Houston [1st Dist.] 2002, pet. ref’d), overruled sub silentio
on other grounds, Bluitt v. State, 137 S.W.3d 51, 53 (Tex. Crim.
App. 2004).  Johnson also involved a challenge to the sufficiency of the
evidence to show the lawfulness of a traffic stop.  The court determined that suppression issues
were not subject to legal or factual sufficiency reviews,[8] in
reliance on Malik v. State, 953 S.W.2d 234, 239–40 (Tex.
Crim. App. 1997) (legal sufficiency of evidence measured by elements of offense
as defined by hypothetically correct jury charge).  We agree with the holding in Johnson. 
Suppression issues cannot be addressed in a post-verdict evidentiary
sufficiency review—what Henry asks us to do here—but evidence discovered from a
detention or arrest, for example, can be effectively challenged by attacking on
appeal the trial court’s ruling on either a motion to suppress the evidence or
an objection to the admission of the evidence. 
See Johnson, 95 S.W.3d at
570–72.  No such challenges are before us
in this case.

            By
definition, evidentiary sufficiency issues must relate to the elements of an
offense.  See Hanks v. State, 137 S.W.3d 668, 671 (Tex. Crim. App. 2004)
(sufficiency review appropriate only as to sufficiency of State’s proof as to
elements of offense).  The distinction
between evidentiary sufficiency and admissibility was directly addressed in Hanks: 
“‘Sufficiency’ relates to whether the elements of an offense have been
logically established by all the evidence presented, both admissible and
inadmissible.”  Hanks, 137 S.W.3d at 671 (citing Caddell v. State, 123 S.W.3d 722, 726 (Tex. App.—Houston [14th Dist.]
2003, pet. ref’d)). 
“‘Admissibility’ relates to the fairness of introducing evidence and its
logical relevance.”  Id.  Accordingly, sufficiency
issues must relate to the elements of an offense.  Id.;
see also Malik, 953 S.W.2d at 240.

            Whether
the evidence was legally obtained is not an element of the offense of failing
to stop and render aid.  See Tex.
Transp. Code Ann. § 550.021. 
Accordingly, we overrule this point of error.

(2)        The Evidence Is
Legally Sufficient to Sustain Henry’s Conviction

            Henry
also argues the evidence was legally insufficient to sustain his conviction for
failure to stop and render aid.  More
precisely, Henry contends the evidence was insufficient to show he knew the
accident resulted in personal injury.

            In
reviewing the legal sufficiency of the evidence, we review all the evidence in
the light most favorable to the jury’s verdict to determine whether any
rational jury could have found the essential elements of the charged
offense.  Brooks v. State, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (4-1-4
decision) (citing Jackson, 443 U.S. at
319); Hartsfield v. State, 305 S.W.3d
859, 863 (Tex. App.––Texarkana 2010, pet. ref’d) (citing Clayton v. State, 235 S.W.3d 772, 778
(Tex. Crim. App. 2007)).  Our rigorous
legal sufficiency review focuses on the quality of the evidence presented.  Brooks,
323 S.W.3d at 917 (Cochran, J., concurring). 
We examine legal sufficiency under the direction of the Brooks opinion, while giving deference
to the responsibility of the jury “to fairly resolve conflicts in testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.”  Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing Jackson, 443 U.S. at 318–19).

            Legal
sufficiency of the evidence is measured by the elements of the offense as
defined by a hypothetically correct jury charge.  Malik, 953 S.W.2d at 240. 
The hypothetically correct jury charge “sets out the law, is authorized
by the indictment, does not unnecessarily increase the State’s burden of proof
or unnecessarily restrict the State’s theories of liability, and adequately
describes the particular offense for which the defendant was tried.”  Id.

            Section
550.021 of the Texas Transportation Code defines the offense of failing to stop
and render aid, and provides that the operator of a vehicle involved in an
accident resulting in injury or death commits an offense if “the person does
not stop or does not comply with the requirements of this section.”  Tex.
Transp. Code Ann. § 550.021(c).[9]  When an accident results in personal injury
or death or damage to a vehicle, the operator is required to provide reasonable
assistance to any person injured in the accident if it is apparent that
treatment is necessary.  Tex. Transp. Code Ann. § 550.023 (West
2011).[10]  The elements of the offense of failure to
stop and render aid are:  (1) an operator
of a motor vehicle (2) intentionally and knowingly, (3) involved in an accident
(4) resulting in injury or death of any person, (5) fails to stop and
render reasonable assistance.  McCown v. State, 192 S.W.3d 158, 162 (Tex.
App.—Fort Worth 2006, pet. ref’d); Goar
v. State, 68 S.W.3d 269, 272 (Tex. App.—Houston [14th Dist.] 2002,
pet. ref’d).

            The
culpable mental state for this offense is that the accused had knowledge of the
circumstances surrounding the accused’s conduct,
meaning the defendant had knowledge that an accident had occurred.  See Goss v. State, 582 S.W.2d 782, 785 (Tex. Crim.
App. 1979) (establishing culpable mental state for the offense); Goar,
68 S.W.3d at 272.  Intent or knowledge
may be inferred from the acts, words, and conduct of an accused at the time of
an offense.  Hart v. State, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002).  Moreover, “[t]here is no requirement that an
accused must have positive, subjective knowledge of the nature or extent of
injury resulting from the collision.”  McCown, 192
S.W.3d at 162.  Rather, the knowledge
requirement is satisfied if “an objective examination of the facts shows that
it would be apparent to a reasonable person that someone has been injured in an
accident and is in need of reasonable assistance.”  Id.
at 163.

            Henry
does not dispute the fact that he collided with Wooten’s car and that he failed
to stop.  Rather, Henry challenges the
legal sufficiency of the evidence to prove that it was apparent that treatment
was necessary.  See Tex. Transp. Code Ann.
§ 550.023(3).  Henry claims that, because
Wooten’s car was struck from the rear while traveling at a speed of
approximately forty miles per hour and because it did not roll or strike any
other object before coming to rest, the evidence failed to show that he should
have known Wooten was in need of medical attention.

            Here,
the record indicates the force of the impact caused Wooten’s car to spin out of
control into the median.  When describing
the damage to her vehicle, Wooten stated, “The back of my car was in the front
of my car.  Especially on the right side.”  Newman described the damage to Wooten’s car
as severe, rendering the car inoperable. 
The incident report described the accident as “a major accident.”  The crash caused the air bag in Henry’s
vehicle to deploy, and photographs depict significant damage to the front
driver’s side of the vehicle.  Among the
debris at the accident scene was the front license plate of Henry’s
vehicle.  It was apparent to Newman that
Wooten was in need of medical treatment at the accident scene, and she was
taken by ambulance to the hospital, and was treated for her injuries.

            Viewing
the evidence in the light most favorable to the verdict, we conclude that
sufficient evidence was presented from which a rational jury could have found
beyond a reasonable doubt that Wooten was injured in the accident.  We overrule this point of error.

            We
affirm the judgment of the trial court.

 

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date
Submitted:          September 2, 2011

Date
Decided:             September 6, 2011

 

Do
Not Publish

 











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Gov’t
Code Ann. § 73.001 (West 2005). 
We are unaware of any conflict between precedent of the Twelfth Court of
Appeals and that of this Court on any relevant issue.  See
Tex. R. App. P. 41.3.

 





[2]When
Wooten’s vehicle came to rest, it was facing north.  

 





[3]After
the accident, Wooten experienced difficulty breathing and her chest was
bruised.  A passerby stopped to help
Wooten, who was taken to the hospital by ambulance where she was treated and
released.  Wooten was given pain
medication for her seat belt injuries, was placed in an arm sling for three
days, and missed work for a week as a result of her injuries.  

 





[4]When
Officer Dewayne Newman of the Grapeland Police Department responded to the
accident, he notified dispatch and all other officers that the offending
vehicle fled the scene, was traveling south on Highway 287, and should have
heavy front end damage.  After hearing
this dispatch report, Trooper Bob Reeves of the Texas Department of Public
Safety was en route to the scene.  As
Reeves approached the intersection of County Road 1825 and Highway 287, he
observed a black Ford Explorer (driven by Henry) with front end damage
traveling south approximately six miles from the accident scene.  Reeves stopped Henry, and after conducting
field sobriety tests on him, transported Henry to the Houston County jail.  At the time of the arrest, Reeves was unaware
that Newman located the Explorer’s front license plate at the accident
scene.  It was apparent to Reeves when he
stopped Henry that the Explorer had been damaged in an accident, but he did not
know when that damage occurred.  Wooten
was arrested for driving while intoxicated. 
That charge and its subsequent disposition are not issues in this
appeal.

 





[5]The
title of Section 550.021 of the Texas Transportation Code, setting forth the
offense, is “Accident Involving Personal Injury or Death,” but this offense is
commonly referred to as failure to stop and render aid.  See
Tex. Transp. Code Ann. § 550.021
(West 2011).





[6]Henry
essentially contends that Reeves did not have reasonable suspicion to initiate
the traffic stop and that the jury, therefore, should not have considered
evidence which connected Henry to the accident scene.

 





[7]The
trial court instructed the jury:

 

[U]nder
our law no evidence obtained or derived by an officer or other person as a
result of an unlawful stop and detention shall be admissible in evidence
against such accused.  An officer is
permitted to make a temporary investigative detention of a motorist if the
officers have specific articulable facts, which,
taken together with rational inferences from those facts, lead them to conclude
that a person detained actually is, has been, or soon will be engaged in
criminal activity.  Now, bearing in mind
if you find from the evidence that the peace officer lawfully detained the
defendant on Hwy 287 South, then you shall consider the testimony of the
officers relative to the detention of the defendant and the conclusions drawn
as a result thereof.

 

                If you have a reasonable doubt that the peace officer
lawfully detained the defendant on Hwy 287 South, then you shall not consider
the testimony of the officers relative to the detention of the defendant and
the conclusions drawn as a result thereof and you will not consider such
evidence for any purpose whatsoever.





[8]The
Jackson v. Virginia standard is now
the only standard a reviewing court is to apply when determining whether the
evidence is sufficient to support each element of a criminal offense.  Brooks
v. State, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.); see Jackson
v. Virginia, 443 U.S. 307 (1979).





[9]Section
550.021(a) sets out the following requirements:

 

                (a)           The
operator of a vehicle involved in an accident resulting in injury to or death
of a person shall:

 

                                (1)           immediately stop the vehicle at the
scene of the accident or as close to the scene as possible;

 

                                (2)           immediately return to the scene of
the accident if the vehicle is not stopped at the scene of the accident; and

 

                                (3)           remain at the scene of the accident
until the operator complies with the requirements of Section 550.023.

 

Tex. Transp.
Code Ann. § 550.021(a).





[10]Section
550.023 provides:

 

                The operator of a vehicle involved in an accident
resulting in the injury or death of a person or damage to a vehicle that is
driven or attended by a person shall:

 

                                (1)           give the operator’s name and address,
the registration number of the vehicle the operator was driving, and the name
of the operator’s motor vehicle liability insurer to any person injured or the
operator or occupant of or person attending a vehicle involved in the
collision;

 

                                (2)           if requested and available, show the
operator’s driver’s license to a person described by Subdivision (1); and

 

                                (3)           provide any person injured in the
accident reasonable assistance, including transporting or making arrangements
for transporting the person to a physician or hospital for medical treatment if
it is apparent that treatment is necessary, or if the injured person requests
the transportation.

 

Tex. Transp.
Code Ann. § 550.023.