# NO. 12-13-00110-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RICHARD JAY CRAIN,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 420TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *NACOGDOCHES COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Richard Jay Crain appeals his conviction for possession of a controlled substance, for which he was sentenced to imprisonment for ten years. In one issue, Appellant argues that the evidence is legally insufficient to support a finding that the evidence was lawfully seized. We affirm.

### BACKGROUND

While transporting a DWI suspect, Texas State Trooper Jay Stone observed Appellant's vehicle swerving and stopped him on suspicion of driving while intoxicated. For safety reasons, Stone radioed for help with the stop, and Nacogdoches Police Officer Nick Stewart arrived to investigate. During the investigation, Stewart located a bag of marijuana in the car. He arrested Appellant, searched him, and found several bags of cocaine.

Appellant was charged with the offense of possession of a controlled substance. At trial, Officer Stewart testified that he observed Appellant removing items from his pocket and placing them in the vehicle. He then observed the marijuana in plain view through the open door of the vehicle and arrested Appellant. A passenger in the vehicle testified that after Appellant placed the items in the vehicle, he closed the door. The officer then handcuffed Appellant, searched the vehicle, and said that he found marijuana. The passenger further testified that the vehicle's dome light was not working and that the back windows were tinted.

At the charge conference, defense counsel asked for and received an instruction based on article 38.23 of the Texas Code of Criminal Procedure. The instruction required the jury to disregard the evidence obtained as a result of Appellant's arrest if they found that the marijuana was not discovered in plain view. Appellant was subsequently found guilty of the offense of possession of a controlled substance. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE TO SUPPORT THE JURY'S IMPLIED FINDING

In his sole issue, Appellant contends that the evidence in this case is legally insufficient to prove that the officer found the marijuana in plain view.

When a contested fact issue regarding the legality of the state's procurement of the primary evidence of guilt is submitted to the jury, a guilty verdict indicates an implied finding that the procurement of the evidence was lawful. *See Pierce v. State*, 32 S.W.3d 247, 249, 253 (Tex. Crim. App. 2000). However, the legality of the procurement of evidence is not an element of the offense but rather relates to the admissibility of the evidence. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *Caddell v. State*, 123 S.W.3d 722, 726 (Tex. App.–Houston [14th Dist.] 2003, pet. ref'd). Therefore, a legal sufficiency review is not an appropriate vehicle to review a jury's implied finding under article 38.23. *Johnson v. State*, 95 S.W.3d 568, 572 (Tex. App.–Houston [1st Dist.] 2002, pet. ref'd); *see also Holmes v. State*, 248 S.W.3d 194, 200 (Tex. Crim. App. 2008) (noting that such a finding is unreviewable).

In this case, as authorized by the article 38.23 instruction, the jury made an implied finding that the marijuana was in the plain view of the officer. But the evidence supporting that finding is not subject to a legal sufficiency review. *Johnson*, 95 S.W.3d at 572. Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered November 26, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS
## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
## JUDGMENT

**NOVEMBER 26, 2013**

**NO. 12-13-00110-CR**

**RICHARD JAY CRAIN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 420th Judicial District Court

of Nacogdoches County, Texas. (Tr.Ct.No. F1118430)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*